## W. A. ROBBINS ET AL. v. LIMESTONE COUNTY ET AL.

### No. 4196.   Decided January 28, 1925.

### (268 S. W., 915).

1.—Injunction—Parties—Public Roads—Taxation.

A county claiming property and right of control over public roads therein and a road district of the county issuing bonds and levying taxes for construction and maintainance thereof within its limits, were authorized to maintain suit to test the constitutionality of the Act of March 14, 1923, Laws, 35th Leg., ch. 75, p. 155, transferring to the State Highway Commission the control of such roads and the right to receive for such purpose proceeds of the tax on automobiles collected in the county.   (P. 354)

2.—Same.

The county and the road district being competent to bring the suit, it becomes immaterial whether individual tax payers in the road district, joined with them as plaintiffs, had such authority.   (P. 354).

3.—Same.

A suit for injunction to prevent payment to the State Highway Commission of proceeds of the tax on automobiles in the county, being based on

the alleged unconstitutionality of the law giving them control over county roads and road funds and the lawful authority of the Commission to receive same, was not a suit against the State; and the individual members of the Highway Commission were proper parties defendant to such action. (P. 354).

4.—Public Roads—Title and Ownership.

Public roads belong to the State and not to the counties. While the title thereto was taken, under statutory authority, in the name of the counties and they were charged with construction and maintenance within their boundaries, this was for the benefit of the State and its people. (Pp. 355, 356).

5.—Same.

The establishment of public highways being primarily a function of government belonging to the State, the Legislature may exercise possession and control of them through such agencies as it may designate, in the absence of constitutional restrictions. (P. 356).

6.—Same—Control of Funds—Constitutional Law.

Funds raised by taxation for road purposes in counties or other municipal divisions (Const., art. 3, sec. 52; art. 8, sec. 9) may not be diverted to other purposes than those for which they were voted. But these provisions of the Constitution are not limitations upon the legislative authority and control over the roads and the expenditure of road funds by counties or other agencies of government, though raised by local taxation or the issuance of bonds. The State may take charge and commit them to the control and management of other agencies; and this does not constitute a taking of property of the county or district without compensation within the meaning of the state or federal Constitution. (Pp. 356-358).

7.—Same.

When not restricted by the Constitution the Legislature has full control of the property held by a county as an agency of the State, and may exercise dominion and control over it without the consent of the county and without compensating the county for it. (P. 358).

8.—Same—Control of County Affairs.

Article 5, section 18, of the Constitution, conferring on the County Commissioners Court jurisdiction over all county business, does not in terms confer on that body power over county roads. It is only by the laws of the State as enacted by the Legislature that they exercise any jurisdiction over highways. · That article does not inhibit the Legislature from committing the matter to another agency. (Pp. 358, 359).

9.—Constitution—Statute—More Than One Subject.

The Act of March 14, 1923, Laws, 38th Leg., ch. 75, p. 155, is not invalid as containing legislation on more than one subject, forbidden by art. 3, sec. 35, of the Constitution. Its provisions all relate to one general subject, the construction, maintenance and use of public highways. (P. 359).

10.—Constitutional Law—Suspending Laws.

Section 16a of the Act of March 14, 1923, (Laws, 38th Leg., ch. 75) is not in violation of art. 1, sec. 28, of the Constitution, forbidding the suspension of laws by any power but the Legislature. The powers bestowed on the State Highway Commission were merely a transfer to that agency of similar powers before lawfully conferred on the Commissioners Courts, and involved no suspension of existing laws. (Pp. 359, 360).

**11.—Constitutional Law—Delegation of Legislative Power.**

Chapter 75 of the Acts of the 38th Leg. makes it unlawful to operate an unlicensed motor vehicle on the public roads. Sections 16a, 16k, and 16p, providing a convenient and uniform method of effecting the purpose of the law, do not delegate any legislative power. (Pp. 360, 361).

**12.—Constitutional Law—Statute Invalid in Part.**

Section 16m, 16n, and 16p, of the Act (ch. 75, Laws, 38th Leg.) are so distinct and separable from the remainder as not to affect its validity as a whole if held unconstitutional as a delegation of legislative power. Whether they are so unlawful is not determined. (P. 361).

**13.—Highway Funds—Handling by State Treasury.**

Plaintiffs in seeking injunction against the transfer to state authorities of funds raised in the county for highway purposes are not concerned with the manner of their handling by the State if so transferred, whether as a special fund subject to warrants by the Highway Department, or as a general road fund subject to appropriation by the Legislature. Accordingly the validity of section 4 of the Act of May 31, 1923 (Laws, 38th Leg., Second Called Session, ch. 27, p. 61) permitting only moneys collected for the Highway Department to be treated as a special fund, as being for a purpose not expressed in the title of the Act, is immaterial in such suit. (Pp. 361, 362).

Questions certified from the Court of Civil Appeals for the Fourth District, in an appeal from Limestone County.

*Ira Lawley,* for county authorities, appellants.   *W. A. Keeling,* Attorney-General, and *W. W. Caves, R. E. Seagler, and Weaver Moore,* Assistants, for appellants of the State Highway Department.

The Legislature of this State has the power by appropriate legislation to provide for the creation, establishment, construction, maintenance, preservation, care, control and use of public roads in this State otherwise than by or through the agency or instrumentality of the County Commissioners Court, or any other county agency or instrumentality. Travis County v. Trogdon, 88 Texas, 302; Coleman v. Thurmond, 56 Texas, 514; Delta County v. Blackburn, 100 Texas, 51; Const. art. 16, sec. 24, art. 11, sec. 2, art.3, sec. 56, art. 8, sec. 9, amended; Aransas County v. Coleman-Fulton Pasture Co., 108 Texas, 216; Const. art. 5, sec. 18; Sun Vapor Elec. Lt. Co. v. Keenan, 88 Texas, 197; Galveston, H. & S. A. R. Co. v. Houston Elec. Co., 122 S. W., 287; Bland v. Orr, 90 Texas, 492; Mills County v. Lampasas County, 90 Texas, 603; Galveston & W. R. Co. v. City of Galveston, 90 Texas, 398; Clark v. Finley, 93 Texas, 171; Corpus Juris. Vol. 29, p. 399, Sec. 39, p. 401, secs. 48 and 49, p. 403, sec. 51, p. 404, sec. 52, p. 504, sec. 199, pp. 517-518, secs. 226-227, p. 540, sec. 257, p. 554, sec. 269, p. 560, sec. 274, pp. 563-564, sec. 282, p. 568, sec. 290, p. 583, sec. 309,p. 646, sec. 409, p. 671, sec. 439; Ruling Case Law, Vol. 13, p. 67, sec. 60, p. 79, sec. 70, p. 159, sec. 138, p. 163,

sec. 143, p. 165, sec. 144, p. 171, sec. 149, p. 172, sec. 150, p. 184, sec. 159, p. 188, sec. 161, p. 253, sec. 209, p. 261, sec. 215.

Chapter 75, General Laws, Regular Session. Thirty-eighth Legislature, is not in conflict with Section 35 of Article 3 of the Constitution of this State upon the ground that it is upon or contains more than one subject. McMeans v. Finley, 32 S. W., 524; Giddings v. San Antonio, 47 Texas, 556; Breen v. T. & P. R. R. Co., 44 Texas, 306; Austin v. G., C. & S. F. R. R. Co., 45 Texas, 267; Stone v. Brown, 54 Texas, 342; McPherson v. Camden Fire Insurance Co. 210 S. W., 211; Atkinson v. State Highway Department, 201 S. W., 227; Wilkinson v. Lyon, 207 S. W., 638; Smith v. Grayson, 44 S. W., 921; Ex parte Abrams, 120 S. W., 884; Joliff v. State, 109 S. W., 176; Fahey v. State, 11 S. W., 108; Ex parte Flake, 149 S. W., 146; Weber v. State, 109 S. W., 182; Ex parte Clark, 120 S. W., 892; Borden v. State, 98 Texas, 507; Snyder v. Compton, 28 S. W., 1061.

The taking over and maintenance by the State Highway Commission of such of the public roads in Limestone County as may have been or may be designated by the State Highway Commission as State highways, to the extent and as provided by Chapter 75, General Laws, Regular Session, Thirty-eighth Legislature, does not and will not constitute taking, damaging, or destroying the property of said county, nor applying same to a public use, without the consent of said county, without adequate compensation therefor, and does not and will not deprive that county of property, privileges or immunities otherwise than by the due course of the law of the land, contrary to or within the meaning of either Section 17 or Section 19 of Article 1 of the Constitution of this State, or Section 1 of Article 14 of the Constitution of the United States. Houston v. Gonzales, Ind. Sch. Dist., 229 S. W., 468; Reclamation Dist. v. Superior Court, 154 Pac., 845; County of San Mateo v. Coburn, 130 Cal., 631; City of Edwardsville v. County of Madison, 251 S. W., 265; Board of Education v. Martin, 92 Cal., 209, 28 Pac., 799; People v. Holladay, 93 Cal., 241, 29 Pac., 54, 27 Am. St. Rep., 186; Heffner v. Cass and Morgan Counties, 193 Ill., 439, 62 N. E., 201, 58 L. R. A., 353; Los Angeles County v. Orange County, 97 Cal., 329, 32 Pac., 316; Orange County v. Los Angeles County, 114 Cal., 390, 46 Pac., 173; Tulare County v. Kings County, 117 Cal., 195, 49 Pac., 8; Colusa County v. Glenn County, 124 Cal., 498, 57 Pac., 477; Riverside County v. San Bernardino County, 134 Cal., 517, 66 Pac., 788; Laramie County v. Albany County, 92 U. S., 307, 23 L. Ed., 552; City of Victoria v. Victoria County, 100 Texas, 438 (101 S. W., 190); Bass v. Fontleroy, 11 Texas, 698; Albrecht v. State, 8 Texas App., 216.

Section 4 of Chapter 27, General Laws, Second Called Session, Thirty-eighth Legislature, is not unconstitutional upon the ground

that it contains or is upon a subject not embraced in the caption of the act within the meaning of Section 35 of Article 3 of the Constitution of this State. Austin v. G., C. & S. F. R. R. Co., 47 Texas, 267, 25 R. C. L., 865; Lane v. Bell, 115 S. W., 918; Cotton Duck Co. v. Frankfort Marine Ins. Co., 75 Atl., 105; Lowery v. Red Cab Co., 262 S. W., 147; Doeppenschmidt v. I. & G. N. R. R. Co., 100 Texas, 532; Stone v. Brown, 54 Texas, 330.

Sections 16m, 16n and 16p of Chapter 75 of the General Laws of the Regular Session of the Thirty-eighth Legislature are not violative of Section 35 of Article 3 of the State Constitution upon the ground that the subject of their provisions, considered in connection with the act as a whole, is not embraced in the caption of the act. Doeppenschmidt v. I. & G. N. R. R. Co. 100 Texas, 532; Stone v. Brown, 54 Texas, 330; Lowery v. Red Cab Company, 262 S. W., 147.

Sections 18 and 20 of Chapter 75 of the General Laws of the Regular Session of the Thirty-eighth Legislature are not in conflict with Section 35 of Article 3 of the State Constitution as containing or relating to a subject or subjects not embraced in the caption of the act. Same authorities.

*Robert M. Lyles, Scott Reed, C. S. & J. E. Bradley,* and *James Kimbell,* for appellees.

It would seem that the county's right to maintain the suit is clear, because if the act in question is invalid, as contended in this suit, the payment of such tax-money to the Highway Department would be a taking from the county of that to which it is justly entitled, and in effect a misapplication of same. Art. 3, sec. 52(c), State Constitution.

Road District No. 15 is authorized (1) to sue the tax collector, and (2) to sue the State Highway Commission and its officers, in respect of the matters here involved. Rev. Stats., art. 637; Baker v. Panola County, 30 Texas, 87, 93; Seguin v. Berman, 205 S. W., 990; Wilson v. Reeves County, 256 S. W., 346; Castleman v. Rainey, 211 S. W., 630. Not a suit against State: Cyc., 917; 25 R. C. L., 414, par. 51; Lossing v. Hughes, 244 S. W., 556; Neal v. Scott, 247 S. W., 689; Austin v. Cemetery Assn., 87 Texas, 330; Kaufman v. Lee, U. S., 27 L. Ed., 171; Terrill v. Middleton, 187 S. W., 367; Same case, 108 Texas, 14; Stanley v. Schwalby, 85 Texas, 348; Connerly v. Daughters of Republic, 106 Texas, 80.

The whole chapter 75, Acts, 38th Leg., is void, because it is duplicitous and contrary to art. 3, Sec. 35 of the Constitution of the state, in regulating the operation of motor vehicles on the public roads, and also in regulating the construction and maintenance of

public roads. Said chapter 75, is also void and of no effect, because it is duplicitous and violates said provision of the State Constitution, in that it indiscriminately amends several acts relating to two separate and distinct subjects of legislation, covered by the several Acts amended, to-wit: The regulation of motor vehicles upon the public roads, and the construction and maintenance of public roads. Ex parte Faison, 248 S. W., 343; Morrill v. Smith Co., 89 Texas 529; San Antonio v. Gould, 34 Texas, 49; Giddings v. San Antonio. 47 Texas, 548; Peck v. San Antonio, 51 Texas, 490; State v. Buckstegge, 158 Pac., 837; In re Hauck, 38 N. W., 269; Gunter v. Mortgage Co., 82 Texas, 496.

The whole of Chapter 75 is void, because it is in violation of Art. 1, sections 17 and 19 of the Constitution of the State, in that it deprives the corporate plaintiffs of their property without due process of law, and denies them the equal protection of the laws. Also because it is in violation of the 14th Amendment to the Constitution of the United States, in that it deprives the corporate plaintiffs of their property without due process of law, and denies them the equal protection of the laws. Railway Co. v. Ellis, U. S., 41 L. Ed., 666; Railway Co. v. Greene, U. S., 54 L. Ed., 536; Traction Co. v. State, 122 S. W., 615; Harris v. Stearnes, 97 N. W., 361; In re Jensen, 59 N. Y. Supp., 653; Words and Phrases, "Person"; 30 Cyc., 1527; Blake v. McClury, U. S., 43 L. Ed., 432; Insurance Co. v. Doggo. U. S., 43 L. Ed., 552; State v. Country Club, 173 S. W., 570: 6 R. C L., 415, sec. 409; Blue Earth County v. Railway Co., 11 N. W., 73; Waterbury v. Commissioners, 26 Pac., 1002; Lancaster County v. Trimble, 52 N. W., 711.

The whole of Chapter 75 is void because the purpose and effect of section 20 have been frustrated by the repeal (by Chapter 27), of the fund provided for the maintenance of the public roads, and by reason of the several other sections of the Chapter being void as pointed out thereafter, for it cannot be assumed that the Legislature would have adopted said Chapter 75 if it had known such portions of it were not effective. State. v. Ice Co., 95 Texas, 461; Western U. Tel. Co. v. State, 62 Texas, 630; Spence v. Fenchler, 107 Texas, 443; Railway Co. v. Mahaffey, 98 Texas, 392; Black on Interpretation of Laws, 105; Ward v. Ward, 37 Texas, 389; Beaumont v. Traction Co., 122 S. W., 615.

An act of the Legislature which delegates to another person or body the power to change, modify or add to the act, violates art. 1, sec. 28 of the State Constitution forbidding the delegation by the Legislature of the law making power. Ex parte Faison, 93 Texas Crim. 403, 248 S. W., 343; Ex parte Leslie, 223 S. W., 227; Roper v. Lumpkins, 111 Texas, 1079.

An inspection of said Chapter 27 discloses that it abolishes all special funds in the State Treasury and while section 4 of that act, in terms provides that it shall not apply to the State Highway Depart-ment, the caption does not make any such reservation.  Ex parte Faison, 248 S. W., 343; Adams v. Waterworks Co., 86 Texas, 485; Rogers v. Tobias, 225 S. W., 8041.

MR. JUSTICE PIERSON delivered the opinion of the Court.

The certificate of the Honorable Court of Civil Appeals states the case and the questions propounded as follows:

"1. This is a suit instituted in the Seventy-seventh District Court of Limestone County, Texas, by Limestone County, Road District No. 15 of said County, Zeph Anglin, and five others, against W. A. Robbins, Tax Collector of said County, The State Highway Commis-sion of the State of Texas, and R. M. Hubbard, D. K. Martin, and George D. Armistead, individually and as members of and constitut-ing said Highway Commission, and J. D. Fauntleroy, State Highway Engineer.

"2. Limestone County is and sues as a duly created and organized county of the State.

"3. Road District No. 15 is and sues as a road district of said county duly created and established as such under the Constitution and statutes of this State providing for the creation and establish-ment of such districts for the purpose of issuing bonds for the construction, maintenance and operation of macadamized, graveled or paved roads and turnpikes, or in aid thereof, and for the levy and collection of taxes to pay the interest on such bonds and to create a sinking fund to redeem them at maturity.

"4. Zeph Anglin, and the other individual plaintiffs are and sue as individual residents of said county and district.

"5. On January 2, 1924, in Chambers, and without a hearing, Honorable A. M. Blackmon, Judge of that District Court, on the prayer of plaintiffs' original petition, ordered the writ of injunction issued, enjoining said W. A. Robbins, as Tax Collector of said county, from transmitting to the State Highway Department the balance of automobile license fees collected by him for the year 1924 after deducting from such fees a sum equal to seventeen and one-half cents per horse power of each automobile as to which the license fee had been or would be collected, enjoining "'R. M. Hubbard, Chair-man of the State Highway Commission, and J. D. Fauntleroy, Chief Engineer," from receiving said moneys from said Robbins, and from transmitting same to the State Treasurer to the credit of the State Highway Fund and from expending same in the maintenance of designated State Highways, and from taking over and maintaining

such parts or so much of such designated State Highways as are or may be within said Limestone County, such injunction ·to remain in full force until January 16, 1924, at which time a hearing was ordered held to determine whether the writ should remain in force.

"6. The date for this hearing was postponed from time to time until January 29, 1924, when, upon an amended petition by plaintiffs, and a general demurrer and general denial by defendants, a hearing was had in chambers.   Upon this hearing said Judge made and entered an interlocutory order substantially as prayed for.

"7. Defendants excepted to this judgment and appealed and the case is now pending in this Court on appeal.

"8. All of the pleadings and the order of the court are transmitted herewith, to be considered as part of this certificate as if set out here at large.

"9. Appellees allege and predicate their cause of action upon the invalidity and unconstitutionality of Chapter 75, General Laws, Regular Session, Thirty-eighth Legislature; and, as affecting the invalidity thereof, allege that section 4 of Chapter 27, General Laws, Second Called Session, Thirty-eighth Legislature, so affected said Chapter 75, and especially Sections 18 and 20 thereof, as to make same inoperative.

"10. There is no conflict in the evidence· and the statement of facts is also transmitted herewith for consideration of the Supreme Court, if deemed necessary,—appellees' amended petition having been introduced in evidence as an affidavit of facts and the evidence introduced at such hearing, so far as relevant to the issues here presented, being merely corroborative of the facts alleged in said verified petition, which petition and such statement of facts are made parts of this certificate.

"*Certified Questions*:

"In view of the importance of the issues involved in this cause. the Court of Civil Appeals of the Tenth Supreme Judicial District, by and through its Chief Justice, respectfully submits to the Honorable Supreme Court the foregoing explanatory statements and the following questions of law arising upon the record in the above styled and numbered cause, now pending on appeal and undecided and undisposed of in this court, the answers to which are deemed necessary to a proper disposition of this appeal:

"*Question* 1:

"Is appellee, Limestone County, authorized to prosecute this suit against appellants, W. A. Robbins, as tax collector of Limestone County, or State Highway Commission and the members and officers thereof, for recovery of the relief sought or any part of it?

"*Question* 2:

"Is appellee, Road District No. 15, authorized to prosecute this suit against appellants, W. A. Robbins, as tax collector of Limestone County, or State Highway Commission and the members and officers thereof, for recovery of the relief sought or any part of it?

"*Question* 3:

"Are appellees, E. H. Hines and the other individual appellees authorized to prosecute this suit against appellants, W. A. Robbins, as tax collector of Limestone County, or State Highway Commission and the members and officers thereof, for recovery of the relief sought or any part of it?

"*Question* 4:

"If the answers to questions 1, 2 and 3, or either of them, are affirmative only in part, which appellees are authorized to prosecute this suit and against which of the appellants may the suit be maintained and for what relief?

"*Question* 5:

"Is Chapter 75, passed by the Regular Session of the Thirty-eighth Legislature, approved by the Governor on March 14th, 1923, violative of and, as a whole, repugnant to the Constitution of the State of Texas, or to the Constitution of the United States?

"If the answer to Question No. 5 is negative, then we respectfully submit and certify the following questions for answers:

"*Question* 6:

"Is Section 16 of said Chapter 75 violative of and repugnant to the Constitution of Texas?

"*Question* 7:

"Is Section 16a of said Chapter 75 violative of and repugnant to the Constitution of Texas?

"*Question* 8:

"Is Section 16j of said Chapter violative of and repugnant to the Constitution of Texas?

"*Question* 9:

"Is Section 16k of said Chapter 75 violative of and repugnant to the Constitution of Texas?

"*Question* 10

"Is Section 16m of said Chapter 75 violative of and repugnant to the Constitution of Texas?

"*Question* 11:

"Is Section 16p of said Chapter 75 violative of and repugnant to the Constitution of Texas?

.."*Question* 12:

"Is Section 18 of said Chapter 75 violative of, and repugnant to the Constitution of Texas? Or is it now enforcible?

114 Tex. Sup.—23.

"*Question* 13:

"Is Section 20 of said Chapter 75 violative of and repugnant to the Constitution of the State of Texas, or to the Constitution of the United States? Or is it now enforcible?

"*Question* 14:

"Is the validity of said Chapter 75 affected by the provisions of Chapter 27, General Laws, First, Second and Third Called Sessions, Thirty-eighth Legislature? If so, to what extent?

"*Question* 15:

"If you have answered that any part of said Chapter 75 is invalid by reason of being contrary to the provisions of our State Constitution, or by reason of implied repeal by subsequent legislation, or for any other reason, then does such invalidity render the whole act void and unenforcible?"

The questions divide themselves into three general groups:

1. Are the parties appellees (plaintiffs in the District Court) authorized to prosecute the suit?

2. Is Chapter 75 or any part of it violative of the Constitution of Texas?

3. Are any parts of Chapter 75 inoperative on account of the enactment of Chapter 27, Acts of the Second Called Session of the Thirty-eighth Legislature?

We shall limit our discussion of the numerous objections to the State Highway Law, and of the questions propounded to us, to those issues material to the adjudication of this case.

We think there can be no doubt that, under authority conferred upon counties by law and under their allegations of right of property and right of control in and over the public roads of Limestone County and Road District No. 15 of said county, said county and district are authorized, and should be permitted, to prosecute the suit in order to have determined their said alleged rights.

There being parties plaintiff who are competent to prosecute the suit, it becomes immaterial in this case whether or not the other parties, the individual plaintiffs, are authorized to prosecute it. The suit of appellees is based upon the allegation that Chapter 75 is unconstitutional and void, and that in exercising powers under it, appellants, members of the State Highway Department, are acting beyond their legal authority. Therefore, the petition does not allege an action against the State. 36 Cyc. p. 917, 25 R. C. L. p. 414. Therefore, we find no fault with the parties defendant.

The real issue, and the one that controls the case, and practically disposes of all the other issues, is the relation of the State to the public roads in the State and in the counties thereof—the title and ownership of the public roads, whether it is in the counties and road districts of the counties and under the control of the commis-

sioners courts, or in the State. The validity or invalidity of Chapter 75 largely, if not wholly, depends upon the answer to this question.

Appellees assert title and ownership to be in the counties and road districts and subject to the control of the county commissioners courts; that Chapter 75 violates Article 1, Sections 17 and 19, of the State Constitution and the Fourteenth Amendment to the Constitution of the United States in that the State, through the State Highway Commission, deprives Limestone County and Road District No. 15 of their property without due process of law and denies them the equal protection of the laws.

If the title and ownership of the public roads reposes in the counties under the Constitution, and if they are property of the counties, then they would have the right to control them, and certainly the State, or any other power, would have no right to take them in any manner, except and unless compensation should be made therefor. But are public roads within the borders of a county its property, and is its title and control its own and inherent in it?

In their very nature and as exercised by the general sovereignty they belong to the State. From the beginning in our State the public roads have belonged to the State, and not to the counties. This is clearly reflected in the Constitution and early decisions of this Court. The Constitution provides:

Article XI, Section 1. "The several counties of this state are hereby recognized as legal subdivisions of the State.

"Sec. 2. The construction of jails, courthouses and bridges, and the establishment of county poorhouses and farms, and the laying out, construction and repairing of county roads, shall be provided for by general laws."

Article XVI, Section 24. "The legislature shall make provision for laying out and working public roads, for the building of bridges, and for utilizing fines, forfeitures and convict labor to all these purposes."

While the title, under the authority of law, was taken in the name of the County and under statutory authority, and the county was authorized and charged with the construction and maintenance of the public roads within its boundaries, yet it was for the State and for the benefit of the State and the people thereof.

Discussing the rights and powers of counties in relation to those of the State, in Baker v. Dunning, 77 Texas, 28, 13 S. W., 617, this Court said:

"The counties being but political subdivisions of the State and *quasi*-corporations created by the State for the more convenient administration of its laws, we incline to the opinion that they hold their property as they hold their existence—at the will of the State;

or that at least what has been given to them by the State for the purposes of government they hold in trust, and that it is subject to be resumed by the State at its pleasure.''

Public roads are State property over which the State has full control and authority. This is clearly held in Travis County v. Trogdon, 88 Texas, 302, 31 S. W., 358. In that case the issue was whether or not the taking of private property from an individual by a county for public road purposes was ''for the use of the State'' and might be taken for that purpose without first and in advance having provided or deposited compensation therefor. The Court said:

''Therefore, in requiring the compensation to 'be first made, or secured by a deposit of money', an express exception was made of that class of cases in which property is taken 'for the use of the State.' We are satisfied that this language includes condemnations for public roads by county commissioners courts, because, as indicated above, such was its construction at the time it was incorporated into the Constitution of 1876; and because it is one of the functions of government to establish and maintain public roads, and no matter through what agency such function is exercised, the roads are the property of and for the use of the State, which, through its Legislature, has absolute control over same, which control it may or may not, from time to time, delegate to the local authorities.'' Delta County v. Blackburn, 100 Texas, 51, 93 S. W., 422; Coleman v. Thurmond, 56 Texas, 514.

The establishment of public highways being primarily a function of government belonging to the State, the right to establish them resides primarily in the Legislature, and in the absence of constitutional restrictions, the Legislature may exercise that right direct or delegate it to a political subdivision of the State, or to such other agency or instrumentality, general or local in its scope, as it may determine. The exercise of this right by a political subdivision of the State, or by local officers, is founded upon statutory authority therefor. The Legislature may exercise possession of public roads and control over them, by and through such agencies as it may designate. Corpus Juris, Vol. 29, §§ 39, 48, 49, 51, 52, 199, 226, 227, 257, 269, 274, 282, 290, 309, 439; Ruling Case Law, Vol. 13, §§ 60, 70, 138, 143, 144, 149, 150, 159, 161, 209, 215.

The Legislature then has the sole and exclusive power pertaining to public roads and highways, unless and only to the extent that power may be, if at all, modified or limited by other plain provisions of the Constitution.

Article III, Section 52, of the Constitution contains this provision:
''   *   *   *   under legislative provision any county, any political subdivision of a county, any number of adjoining counties, or any

political subdivision of the State, or any defined district now or hereafter to be described and defined within the State of Texas, and which may or may not include towns, villages or municipal corporations, upon a vote of a two-thirds majority of the resident property taxpayers voting thereon who are qualified electors of such district or territory to be affected thereby, in addition to all other debts, may issue bonds or otherwise lend its credit in any amount not to exceed one-fourth of the assessed valuation of the real property of such district or territory, except that the total bonded indebtness of any city or town shall never exceed the limits imposed by other provisions of this Constitution, and levy and collect such taxes to pay the interest thereon and provide a sinking fund for the redemption thereof, as the Legislature may authorize, and in such manner as it may authorize the same, for the following purposes, to-wit:

\*     \*     \*     \*     \*     \*     \*     \*

"The construction, maintenance and operation of macadamized, gravelled or paved roads and turnpikes, or in aid thereof."

In construing this provision, this Court, in Aransas County v. Coleman-Fulton Pasture Company, 108 Texas, 216, 191 S. W., 553, speaking through Chief Justice Phillips, said:

"In a word, the purpose of this amendment plainly was to provide the means of building and maintaining not alone neighborhood, precinct or even county roads, but adequate road systems throughout the entire State, to be availed of by larger or smaller areas as might be desired, so as to afford through the exercise of a liberal taxing power widely distributed, adequate and continuous highways through every section of the State. Such a purpose stands out boldly, we think, in the broad and sweeping provisions of the amendment."

This provision of the Constitution does not divest the Legislature of control over public roads and highways, but provides methods and means by which roads may be constructed under legislative provisions.

Likewise to the same general effect is Article VIII, Section 9, of the Constituion, which provides:

" \*   \*   \*   no county, city or town shall levy \*   \*   \*   exceeding fifteen cents for roads and bridges \*   \*   \*   and the Legislature may also authorize an additional annual ad valorem tax to be levied and collected for the further maintenance of the public roads; provided, that a majority of the qualified property taxpaying voters of the county at an election to be held for that purpose shall vote such tax, not to exceed fifteen cents on the one hundred dollars valuation of the property subject to taxation in such county."

Of course these funds, or those provided for under Article III, Section 52, may not be diverted to other purposes than those for

which they were voted, but these provisions of the Constitution are not limitations upon the legislative authority and control over the roads and the expenditure of road funds by counties or other agencies of government under provisions of law.

The fact that the roads in Limestone County and in Special Road District No. 15 in Limestone County were constructed by funds raised by local taxation and by the issuance of bonds which are still outstanding, does not prevent the State from taking them over or placing them under the control and management of other agencies. Their taking or the change of supervision over them is not the taking of the property of the County or Road District within the meaning of the State or Federal Constitutions, which prohibit the taking of property without just compensation or under due course of law. Such funds were derived by taxation or otherwise under authority of "the laws of the State" for that purpose, and were not private funds belonging to the County or Road District in a proprietary sense, but the roads were created and are being maintained through the exercise of governmental functions and powers and for the benefit of the general public, both in and out of Limestone County and Special Road District No. 15. Houston v. Gonzales Independent School District, 229 S. W., 468, and cases cited.

Where not restricted by the Constitution, the Legislature has full control of the property held by a county as an agency of the State, and may exercise dominion and control over it without the consent of the county and without compensating the county for it.

It is well established in this State that, conformable to the Constitution, the Legislature may divide a county and create two or more out of its territory, may consolidate two or more counties, or otherwise change their boundaries and territory. The exercise of such powers is, of course, consistent with proprietary rights and ownership. See City of Victoria v. Victoria County, 100 Texas, 438, 101 S. W., 190; Bass v. Fontleroy, 11 Texas, 698; Albrecht v. State, 8 Texas Ct. App., 216; also see Reclamation Dist. No. 1500 v. Superior Court, 171 Cal., 672, 154 Pac., 845, and cases cited.

Appellees insist in particular that Chapter 75 violates Section 18, Article V, of the Constitution, which reads as follows:

"Each county shall in like manner be divided into four commissioners' precincts, in each of which there shall be elected by the qualified voters thereof one county commissioner, who shall hold his office for two years and until his successor shall be elected and qualified. The county commissioners so chosen with the county judge as presiding officer, shall compose the county commissioners' court, which shall exercise such powers and jurisdiction over all *county business*, as is conferred by *this Constitution and the laws of the State*, or as may be hereafter prescribed." (Italics ours).

This provision of the Constitution, as the others, calls for careful consideration. It involves two issues: first, what powers are by the Constitution delegated to the county commissioners court; second, what is "county business". Without going into a detailed statement of what specified powers have been "conferred by this Constitution" upon the commissioners courts, it is sufficient to say that that instrument does not, in terms, confer the power over public roads. Article V, Section 18, does confer upon county commissioners courts the power and jurisdiction over all "county business" as is conferred by "the laws of the State, or as may be hereafter prescribed," and it is by virtue of the powers conferred by the Legislature that the commissioners court of a county may lay out, construct, and maintain public roads. Also, it is by virtue of statutory law that a county or a number of adjoining counties or subdivisions of the State, as authorized in Article III, Section 52, of our State Constitution, may vote bonds and taxes to accomplish these purposes. In other words, it is only by the laws of the State as enacted by the Legislature that jurisdiction over public roads has ever been exercised by county commissioners courts as a part of its "county business". Bland v. Orr, 90 Texas, 492, 39 S. W., 558; Mills County v. Lampasas County, 90 Texas, 603, 40 S. W., 403; Galveston & W. Ry. Co. v. City of Galveston, 90 Texas, 398, 36 L. R. A., 33, 39 S. W., 96.

In Clark v. Finley, 93 Texas, 171, 54 S. W., 343, the Court in reviewing this provision of the Constitution stated and specifically held that "the provision does not inhibit the Legislature from committing a matter of county business upon some other agency" than the commissioners court. This holding is in harmony with all the provisions of the Constitution.

We cannot sustain appellees' proposition that Chapter 75 of the General Laws of the Thirty-eighth Legislature is in conflict with Section 35, Article III, of the Constitution, upon the ground that it contains more than one subject, to-wit: the subject, regulations of motor vehicles upon the public roads, and the subject of construction and maintenance of public roads. The general subject of the Chapter is the construction, maintenance, and use of the public highways of the State. All its provisions are correlated with and incident to the maintenance and use of public roads. For discussion of the principle involved, see Cooley's Constitutional Limitations (7th Ed.), p. 209; McMeans v. Finley, 88 Texas, 515, 32 S. W., 524; Giddings v. San Antonio, 47 Texas, 556; Breen v. T. & P. R. R. Co., 44 Texas, 306; Austin v. G. C. & S. F. R. R. Co., 45 Texas, 267; Stone v. Brown, 54 Texas, 342.

The contention of appellees that the law creating and defining the powers of the State Highway Commission violates and infringes

upon Article 1, Section 28, Article II, Section 1, and Article III, Section 1, is without merit. Those Sections read:

Section 28, Article 1. "No power of suspending laws in this State shall be exercised except by the Legislature.

Section 1, Article II. "The powers of the government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy; to-wit: Those which are legislative to one, those which are executive to another, and those which are judicial to another; and no person or collection of persons, being of one of these departments shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted."

Section 1, Article III. "The legislative power of this State shall be vested in a Senate and House of Representatives, which together shall be styled "the Legislature of the State of Texas."

We do not deem it necessary to state the provisions of the Highway Statutes. They do, of course, create an agency in which are vested powers to formulate and execute plans and policies for the location, construction and maintenance of a comprehensive system of State highways and public roads.

Formerly, under "the laws of the State", these powers were exercised by the county commissioners courts, but, as it was constitutionally authorized to do, the Legislature created another agency, to-wit; the State Highway Commission, and invested it with certain powers and functions, same to be performed and executed in conjunction with other agents and agencies of the State. The powers here bestowed by the Legislature are not different from those formerly vested in Commissioners Courts, which are in no sense a delegation of legislative authority, or a delegation of the power to suspend laws.

Appellees emphasize that Section 16a of Chapter 75 violates Article I, Section 28, Article II, Section 1, and Article III, Section 1, of the Constitution, by vesting others than the Legislature with legislative power and with power to suspend laws. They present that said section together with Section 16, which requires registration, and Section 16-1, which provides a penalty, delegates to the State Highway Department "The power to make that a crime which is not made so under the law".

Sec. 16a reads: "Each application for the registration of any motor vehicle, tractor, trailer, semi-trailer or mortorcycle in the State *shall be made on blank forms provided by the State Highway Department for this purpose.* The county tax collector shall not issue a license to any person until such application has been filled out in full and signed by the applicant. The requisite fee for the number of unexpired quarters for the calendar year shall accompany said

application, which fee for the registration of a motorcycle for a full calander year shall be five ($5) dollars, and for the registration of a passenger motor vehicle shall be based upon the weight of the vehicle and upon the N. A. C. C. horse power rating, as follows:

  ※    ※    ※    ※    ※    ※

"Provided, that the minimum fee, based on horse power, as provided herein, shall be $4.00 for a full year." (Italics ours).

There is no delegation of legislative authority as to what constitutes the violation of a criminal statute here. The provisions of Chapter 75 make it unlawful for a person to drive his motor vehicle over the public roads until he has been licensed, it being made his duty to make application for registration of same. Section 16a in providing that application shall be made upon blank forms provided by the State Highway Department furnishes a convenient and uniform method of effecting that purpose. Neither do we think Section 16j, 16k and 16p are subject to this objection.

Appellees present that Sections 16m, 16n, and 16p are obnoxious to the above mentioned Sections of the Constitution, as being a delegation of power and an attempt to vest judicial power elsewhere than in the courts. Section 16m and 16n provide that certain powers may be exercised over the roads by the commissioner of any precinct or the County Road Superintendent, on account of wet weather, recent construction, or repairs, and how a complaining owner of a motor vehicle may be relieved of such restrictions and regulations by complaint to the County Judge of the County; and Section 16p provides for civil liability for damages to the roads. Whether or not these Sections are subject to the criticism, we do not deem it necessary in this action to determine. They are distinct and easily separable from the remainder of the Act, and are not germane to the attack made upon the Act as concerning power of the Legislature to exercise control over said highways in Limestone County as against the exclusive rights to do so by said County or Road District No. 15.

Neither is it the special concern of appellees as to how the State shall handle the fund provided by Chapter 75, whether it must be maintained in the State Treasury as a special fund, subject only to warrants at the instance of the State Highway Department, or may be passed into the general fund of the State and be subject to appropriation for road purposes by the Legislature.

Chapter 27 abolishes special funds in the State Treasury, and Section 4 of that Chapter undertakes to except from its operation funds collected for and appropriated to the State Highway Department. Whether or not said Section 4 is valid, its subject not being mentioned in the caption of the Act, it is unnecessary here to decide, as it is

not germane to the rights set up by appellees. However, we may say that the said Chapter 27 could have no application to or effect upon the provisions of Chapter 75, other than as to a designation of the "fund" into which the highway moneys should be deposited.

From the foregoing, then, we answer Questions Nos. 1 and 2 in the affirmative.

As stated, we deem it unnecessary to answer Nos. 3 and 4.

We answer Nos. 5, 6, 7, 8, and 9 in the negative.

We deem it unnecessary to answer No. 10.

We answer Nos. 11, 12, 13, and 14 in the negative, and that Sections 18 and 20 of Chapter 75 are enforcible.

To Question No. 15 we answer that Chapter 75 is valid and enforcible.