**ROBBINS, Tax Collector, et al. v. LIME-STONE COUNTY et al. (No. 156.)**

(Court of Civil Appeals of Texas. Waco. April 23, 1925.)

**Injunction ⚖══88 — Injunction against transmission of automobile license fees to state highway department by county collector, and expenditure thereof in maintaining state highways, held erroneous.**

Acts 38th Leg. (1923) c. 75, being valid and unaffected by Acts 38th Leg. (1923) 2d Called Sess. c. 27, court erred in enjoining county tax collector from transmitting to state highway department, and latter from receiving and expending in maintenance of state highways, portion of automobile license fees collected by former.

Appeal from District Court, Limestone County; A. M. Blackmon, Judge.

Suit by Limestone County and others against W. A. Robbins, County Tax Collector, and others. From an order granting a temporary injunction, defendants appeal. Reversed and rendered, in conformity to Supreme Court's answers to certified questions (268 S. W. 915).

See, also, 113 Tex. 542, 261 S. W. 994.

Ira Lawley, of Groesbeck, for appellants.

C. S. & J. E. Bradley, Kennedy & Lyles, Scott Reed, and James Kimball, all of Groesbeck, and W. A. Keeling, Atty. Gen., and W. W. Caves and Bruce Bryant, Asst. Attys. Gen., for appellees.

GALLAGHER, C. J. This suit was instituted in the Seventy-Seventh district court of Limestone county, Tex., by appellants Limestone county, road district No. 15 of said county, and certain individuals, against appellees W. A. Robbins, tax collector of said county, the state highway commission of the state of Texas, and the several members thereof, individually and as members of and constituting said highway commission, and the state highway engineer. Appellant Limestone county sued as a duly created and organized county of this state, and road district No. 15 as a road district of said county, cre-

ated and established under the Constitution and laws of this state for the purpose of issuing ,bonds for the construction, maintenance, and operation of improved roads, and said several individuals, as resident citizens and taxpayers of said county and district, owning and operating automobiles upon the public highways of this state.

The relief prayed for was an injunction, enjoining and restraining appellant W. A. Robbins, as tax collector of said county, from transmitting to the state highway department the balance of automobile license fees collected by him for the year 1924 after deducting from such fees a sum equal to 17½ cents per horse power of each automobile as to which the license fee had been or would be collected, and enjoining and restraining said highway commission and the several members thereof and said state highway engineer from receiving said moneys from said Robbins, and from transmitting same to the state treasurer, to the credit of the state highway fund, and from expending same in the maintenance of designated state highways, and from taking over and maintaining such parts or so much of such designated state highways as were within Limestone county. Appellees predicated their cause of action upon the alleged invalidity and unconstitutionality of chapter 75, General Laws Regular Session 38th Legislature, and, as affecting the validity thereof, alleged that section 4 of chapter 27, General Laws Second Called Session 38th Legislature, so affected said chapter 75, and especially sections 18 and 20 thereof, as to make the same inoperative.

Said chapter 75 provides for the registration of motor vehicles and prescribes the fees that shall be paid for such registration, and for the distribution and apportionment of such registration fees collected under its provisions. It also authorizes the state highway commission to take over and maintain designated state highways, and to pay the expense of such maintenance out of that part of said registration fees apportioned to it under the provisions of said chapter. Said chapter 27 abolishes special funds in the state treasury and directs that all moneys in such funds be placed in the general revenue fund of the state, and said section 4 thereof excepts from the provisions of said act all funds collected for and appropriated to the state highway department.

The judge of the district court granted a temporary injunction, substantially as prayed for by appellees, and appellants appealed from the order granting such injunction. This court, in view of the importance of the issues involved in this appeal, by certified questions submitted the validity of said chapter 75 to the Supreme Court of this state for determination. That court sustained the validity of said chapter and held that it was

not affected by the provisions of said chapter 27. The case in that court bore the same title as in this court. The opinion of that court is published in 268 S. W. 915 et seq. Reference is here made to such opinion for a full discussion of the material issues involved in this appeal. Since said chapter 75 is valid and enforceable, it follows that the trial court erred in granting the temporary injunction.

The order of the trial court granting such injunction is here reversed, and judgment is here rendered that said injunction be and the same is hereby denied.