

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

October 31, 1950

*Re affirmed by*
*WW- 1486*

Hon. Perry L. Jones
County Attorney
Travis County
Austin, Texas

Opinion No. V-1115

Re: May Travis County
    issue bonds for the
    purpose of widening
    and improving Con-
    gress Avenue Bridge
    in Austin.

Dear Sir:

        Your request for an opinion presents the fol-
lowing question:

        "May the Commissioners' Court of Travis
    County, Texas, legally issue bonds for the
    purpose of widening and improving the Con-
    gress Avenue bridge, if the issuance there-
    of is approved at an appropriate election?"

        Your factual recitation reveals that the Con-
gress Avenue bridge which spans the Colorado River with-
in the corporate limits of the City of Austin, Texas,
was constructed by Travis County during 1908-1909 from
the proceeds of a county bond issue. Subsequently and
by virtue of the Bond Assumption Act of 1932, the State
of Texas assumed and paid approximately $60,000.00 of
the outstanding bonded indebtedness. The Commissioners'
Court of Travis County does not contemplate any improve-
ment of the bridge without the consent of the governing
body of the City of Austin. The Congress Avenue bridge
is a part of a State designated highway.

        Article 6673, V.C.S., provides in part:

        "The (Highway) Commission is authorized
    to take over and maintain the various State
    Highways in Texas, and the counties through
    which said highways pass shall be free from
    any cost, expense or supervision of such
    highways. . . ."

        In 1923 the State took over all highways con-
stituting a part of the Highway System and obligated it-
self to bear the expense incident to the maintenance and

construction of all highways that were then, or might in the future, be designated as State Highways.

In Jefferson County v. Board of County and District Road Indebtedness, 143 Tex. 99, 182 S.W.2d 908, 912, 913 (1944) the Court stated:

"Prior to 1924 the titles to all highways in this State were taken in the names of the various counties in which the roads were situated. Such titles were held by the counties for the use and benefit of the State. Nevertheless the counties were charged by law with the duty of constructing and maintaining the roads. In the construction of these roads the counties and road districts were authorized to, and did, incur heavy bonded obligations. This method was adopted by the State for the purpose of enabling it to use the counties as its agents to construct public roads for the use and benefit of the State. Aransas County v. Coleman-Fulton Pasture Company, 108 Tex. 216, 191 S.W. 553. In 1923 the Legislature adopted an Act by which the State took over from the counties all highways constituting a part of the State highway system. This part of the Act became effective January 1, 1924. Acts 1923, 38th Leg. Ch. 75, p. 155, Sec. 20. Since that time, by various other Acts, the Legislature has taken other additional highways. The right of the State to take over roads constructed by counties was contested in the case of Robbins v. Limestone County, 114 Tex. 345, 268 S.W. 915, 918. This Court in sustaining the right of the State to take over such roads said:

"'Public roads are state property over which the state has full control and authority. * * *

"'The establishment of public highways being primarily a function of government belonging to the state, the right to establish them resides primarily in the Legislature, and, in the absence of constitutional restrictions, the Legislature may exercise

that right direct or delegate it to a political subdivision of the state, or to such other agency or instrumentality, general or local in its scope, as it may determine. The exercise of this right by a political subdivision of the state, or by local officers, is founded upon statutory authority therefor. The Legislature may exercise possession of public roads and control over them, by and through such agencies as it may designate. . . ."

In _Iverson v. Dallas County,_ 110 S.W.2d 255, 256 (Tex.Civ.App. 1937) the Court said:

"The Acts of the 35th Legislature (Acts 1917, c. 190) and the amendments thereto attempt to set up a complete uniform system of state highways in the State. Article 6673 of the Rev. Civ. Stats. 1925, together with subsequent enactments (article 6673a) affecting state highways (Vernon's Ann. Civ. St. arts. 6673, 6673a), authorize the State Highway Commissioners to take over state highways; and we think, stripped the counties of this State of any authority to let contracts for the construction or maintenance of any public road comprising a portion of the State Highway System, either in their own name or as agents for the State of Texas, except in the specific instances and strictly in keeping with the provisions of such acts."

Article 6674q-4, V.C.S., provides in part:

"All further improvement of said State Highway System shall be made under the exclusive and direct control of the State Highway Department and with appropriations made by the Legislature out of the State Highway Fund. Surveys, plans and specifications and estimates for all further construction and improvement of said system shall be made, prepared and paid for by the State Highway Department. No further improvement of said system shall be made with the aid of or with any moneys furnished by the counties except the acquisition of right-of-ways which may be furnished by the counties, their subdivisions or defined road districts. But this

Hon. Perry L. Jones, page 4 (V-1115)

shall in nowise affect the carrying out of
any binding contracts now existing between
the State Highway Department and the Commis-
sioners Court of any county, for such coun-
ty, or for any defined road district. . . ."

Article 6674q-9, V.C.S., provides in part:

"If succeeding Legislatures shall con-
tinue to carry out the policy herein defined
by authorizing a similar appropriation of
funds from time to time, (a) then whenever
the eligible obligation shall have been fully
paid as herein provided, as to or for any
county or defined road district according to
the provisions of this Act, then, and in that
event, the title and possession of all roads,
road beds, bridges, and culverts in such
county or defined road district, which are
included in the system of Designated State
Highways, shall automatically vest in fee
simple in the State of Texas; . . ." (Em-
phasis added.)

From the foregoing it will be noted that Con-
gress Avenue bridge is a part of a State designated high-
way. A bridge is ordinarily but the part of a road or
highway that traverses a stream. Aransas County v. Cole-
man-Fulton Pasture Co., 108 Tex. 216, 191 S.W. 553 (1917).
Counties no longer have any interest in State designated
highways other than the acquisition of right of ways, the
same being within the exclusive jurisdiction of the State
Highway Commission. It is true that cities and towns have
jurisdiction over State highways situated within such
cities and towns by virtue of appropriate provisions giv-
ing the cities exclusive jurisdiction over highways of
cities. Gabbert v. City of Brownwood, 176 S.W.2d 344
(Tex.Civ.App.1943, error ref.). However, State highways
as such do not lose their identity even though within
the jurisdiction of a city, and Article 6674q-4 is an
all-inclusive prohibition against the furnishing of mon-
eys by a county for the improvement of the State Highway
System, save and except the acquisition of "right-of-ways."
This being true, it necessarily follows that the Commis-
sioners' Court of Travis County would not be authorized to
issue bonds for the purpose of widening and improving Con-
gress Avenue bridge in the City of Austin.

The positive prohibition against further improvement of a State designated highway by a county, as contained in Article 6674q-4, leaves no alternative other than to hold that Travis County has no authority to improve the bridge in question so long as it remains a part of a State designated highway. Any other holding would raise the question whether the 1909 bonds could have been legally assumed by the State, the assumption having been based upon the bridge being part of a State designated highway.

### SUMMARY

The Commissioners' Court of Travis County, Texas, is not authorized to issue bonds for the purpose of widening and improving Congress Avenue bridge, an integral part of the State Highway System, in Austin.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

BW:mw

Yours very truly,

PRICE DANIEL
Attorney General

By Burnell Waldrep

Burnell Waldrep
Assistant