

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

September 8, 1966

*Sue*
*H-1235*

Hon. Richard E. Rudeloff
County Attorney
Bee County
Beeville, Texas

Opinion No. C-753

Re: Whether Bee County may
change its tax rate from
the preceding year's rate
of $1.00 to $.95 notwith-
standing the failure to
notify the county tax
assessor-collector of such
changed or adopted tax rate,
where the 5¢ to be dropped
represents money formerly
collected for a county-
wide road bond issue which
can now be fully retired
by funds on hand.

Dear Sir:

By a recent letter you have requested an opinion
in regard to the above stated matter. We quote from your
letter as follows:

". . . .

"The tax rate adopted a number of years ago
by Bee County, and in effect during the year 1966,
is and has been $1.00, of which amount .05¢ repre-
sented monies collected to retire a road bond
issue. Bee County now has on hand in such road
bond fund sufficient money to fully retire such
bonds and the .05¢ portion of said $1.00 tax rate
is no longer needed for this purpose. Accordingly,
the Commissioners Court of Bee County wishes to
change the tax rate for 1967 to .95¢, in compliance
with Section 9 of Article VIII, Vernon's Texas
Constitution.

"Bee County is subject to the provisions of
Article 7044a, Texas Revised Civil Statutes. Notice
of the tax rate adopted was not given to the tax
assessor-collector prior to July 20."

In addition to the above facts we have learned
from your office that the road bond tax in question was

-3619-

levied as the result of a county-wide election in 1946 for the construction and improvement of the county-wide road system.

In a recent opinion /̄No. C-701 (1966)_7 this office ruled, in effect, that Article 7044a, Vernon's Civil Statutes, is not unconstitutional as violating Section 9 of Article VIII of our Constitution, nor is it unconstitutional as violating Section 16 of Article I, Vernon's Texas Constitution. The basis of the opinion being that Article 7044a does not attempt to deprive the Commissioners Court of the power to levy the county tax, which it must do pursuant to Section 9 of Article VIII, nor does it impair bond obligations in violation of Section 16 of Article I, but merely sets a time limit upon the counties and other taxing authorities to determine and notify the tax assessor-collector of the tax rate to be used for the next year.

The 5¢ tax levy involved in the instant case was levied under the provisions of Article 752a, Vernon's Civil Statutes, which was enacted pursuant to Section 52 of Article III, of the Constitution of Texas. Article 752a is quoted in part as follows:

> "Any county. . .is hereby authorized to issue bonds for the purpose of the construction, maintenance and operation of macadamized, graveled or paved roads. . .in any amount not to exceed one-fourth of the assessed valuation of the real property of such county. . .and to levy and collect ad valorem taxes to pay the interest on such bonds and provide a sinking fund for the redemption thereof. Such bonds shall be issued in the manner hereinafter provided, and as contemplated and authorized by Section 52, of Article 3, of the Constitution of this State. . . . Provided when the principal and all interest on said bonds are fully paid, <u>in the event there is any surplus remaining in the sinking fund, said remaining surplus not used in the full payment of the principal and interest on said bond or bonds may be used by the county</u>. . .for the purpose . . . ." (Emphasis added)

Prior to the enactment of Article 752a, our Supreme Court held that funds from a tax levy authorized

by Section 52 of Article III, and Section 9 of Article VIII, for construction and maintenance of public roads, may not be diverted to other purposes than those for which voted. Robbins v. Limestone County, 114 Tex. 345, 268 S.W. 915 (1925).

This office has ruled in several previous opinions that the Commissioners Court could expend the money raised from an authorized bond issue only in the manner and for the purposes prescribed by law. Attorney General's Opinions O-4621 (1942), V-157 (1947), V-684 (1948), WW-1162 (1961).

Article 752a provides that the sinking fund, established to retire the bonded indebtedness authorized by the bond election, should first be used to pay off the principal and interest on the bonds, then if a surplus is left it may be used for certain purposes. However, the Act does not authorize the counties to perpetuate the surplus, by continuing to put money into the sinking fund after the bonds have been paid in full.

In the case at hand, if Bee County is permitted to levy the 5¢ tax for the sinking fund to retire the bonded indebtedness, it will be enlarging the surplus, since the fund is already large enough to retire the bonds. It is our opinion that such 5¢ tax can no longer be validly levied for such purpose. Section 9 of Article VIII, of the Texas Constitution; Section 52 of Article III of the Texas Constitution, and Article 752a, Vernon's Civil Statutes.

Clearly the Commissioners Court could not have continued to levy the 5¢ tax for county-wide road bond purposes if it had decided to do so prior to July 20th; so, it cannot continue the tax just because it failed to notify the tax assessor-collector prior to July 20th.

## S U M M A R Y

Bee County must change its tax rate from the preceding year's rate of $1.00 to 95¢ notwithstanding the failure to notify the county tax assessor-collector of such changed or adopted tax rate, where the 5¢ being dropped represents money formerly collected for a road bond issue which can be fully retired by funds on hand.

Very truly yours,

WAGGONER CARR
Attorney General

By James C. McCoy
James C. McCoy
Assistant

JCMcC:sck

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman

Wade Anderson
Malcolm Quick
Bob Towery
J. C. Davis

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright