

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

*Overruled by H-194 where in conflict*

August 28, 1972

Hon. Martin D. Eichelberger
Criminal District Attorney
McLennan County Courthouse
Waco, Texas 76701

Dear Mr. Eichelberger:

Opinion No. M-1195

Re: Whether county funds may be
expended for the purchase of
land for a regional correctional
facility, and related questions.

In your recent opinion request you asked the following questions:

(1) May county funds be expended for the purchase of land for a regional correctional facility?

(2) Which county fund should be used for such a purchase?

(3) If the county is authorized to purchase such land, may this land be deeded either with or without consideration to the State of Texas after the State of Texas has built the facility with a reversionary clause back to the county if the land should cease to be used as a regional correctional facility?

(4) If the land cannot be deeded to the State of Texas, then may the county lease the land to the State for a certain number of years?

(5) May the State of Texas gain control of the land originally purchased by the county by an act of the Legislature transferring such land to the State?

In 1971, the Texas Legislature enacted Article 4413(32c), Vernon's Civil Statutes, known as the Texas Interlocal Cooperation Act. Section 4e of Article 4413(32c) specifically authorizes a county, as a "local government" to contract with the State Department of Corrections regarding regional correctional facilities. Section 4e reads in part:

-5832-

> ". . . The contracting parties to interlocal contract or agreement shall have specific authority to contract with the Department of Corrections for the construction, operation and maintenance of a regional correctional facility <u>provided that title to the land</u> on which said facility is to be constructed <u>is deeded to the Department of Corrections</u> and provided further that a contract is executed by and between all the parties as to payment for the housing, maintenance and rehabilitative treatment of persons held in jails who cannot otherwise be transferred under authority of existing statutes to the direct responsibility of the Department of Corrections." (Emphasis added.)

Thus the answer to Question One is yes.

Prior to 1967 the law was well established that the general fund, permanent improvement fund, jury fund and road and bridge fund could not be commingled or used for purposes other than that for which each was raised. Carrol v. Williams, 109 Tex. 155, 202 S.W. 504 (1918); Attorney General's Opinions O-601 (1939), O-869 (1939), O-931 (1939), O-4763 (1942), O-5422 (1943), O-6948 (1945). The 1967 amendment to Section 9 of Article VIII, Texas Constitution, overruled the prior law as to commingling of the funds prescribed in that Section 9. Attorney General's Opinions M-207 (1968) and M-369 (1969).

If McLennan County has commingled all of its tax money into one general fund, then payment for the purchase of land for a regional correctional facility would have to be made out of that general fund. If, on the other hand, McLennan County still maintains the multiple constitutional county funds, it is the opinion of this office that the nature of a correctional facility is a "permanent improvement" and the funds should come from the county's permanent improvement fund.

Questions Three and Four are answered in part by Article 4413(32c). The land must be deeded to the Department of Corrections, but the problem of consideration would depend on the contract between the parties. Consideration could be provided for, or not, by mutual agreement of the parties involved. Such an agreement could form a contract between the Department of Corrections and a county or among the Department and several "local governments" as defined in Article 4413(32c), Section 4b.

Question Five is controlled by Robbins v. Limestone

County, 114 Tex. 345, 268 S.W. 915 (1925), which states at page 919 that "where not restricted by the Constitution, the Legislature has full control of the property held by a county as an agency of the State, and may exercise dominion and control over it without the consent of the county, and without compensating the county for it." The Legislature thus may give or take property held by a county.

## S U M M A R Y

Under Article 4413(32c), Section 4e, Vernon's Civil Statutes, county funds out of either the county's general fund, if it has only one constitutional fund, or the permanent improvement fund, if it has multiple constitutional funds, may be expended to purchase land for a regional correctional facility. Although the land must be deeded to the Department of Corrections, the terms of the interlocal or intergovernmental contract will determine the consideration and any other pertinent provisions relating to the land and the intent of the parties to the contract. Since the Legislature has full control over the property held by a county as an agency of the State, the Legislature may exercise dominion and control over it without the consent of the county and without compensating the county for it.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Linda Neeley
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Gordon Cass
William J. Craig
Z. T. Fortescue
Roland Allen

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant