

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

September 3, 1993

Honorable Warren Chisum
Chair
Committee on Environmental Regulation
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-252

Re: Whether article IX, section 1 of the Texas Constitution authorizes the legislature to consolidate two existing counties (RQ-495)

Dear Representative Chisum:

You have asked us to determine whether article IX, section 1 of the Texas Constitution authorizes the legislature to consolidate two existing counties. You explain that several of your constituents in Dallam and Hartley counties are interested in consolidating the two counties, presumably for reasons of cost efficiency.[1] We conclude that article IX, section 1 of the Texas Constitution does not authorize two existing counties to consolidate.

Article IX, section 1 of the Texas Constitution reads in pertinent part as follows:

> Section 1. The Legislature shall have power to create counties for the convenience of the people subject to the following provisions:
>
> . . . .
>
> Second. Within the territory of any county or counties now existing, no new county shall be created with a less area than seven hundred square miles, *nor shall any such county now existing be reduced to a less area than seven hundred square miles.* No new counties shall be created so as to approach nearer than twelve miles of the county seat of any county from which it may in whole or in part be taken. . . . When any *part* of a county is stricken off and attached to, or created into another county, the *part* stricken off shall be holden for and obliged to pay its proportion of all the liabilities then existing, of the county from which it was taken, in such manner as may be prescribed by law.

---

[1]You have enclosed a copy of a study, "Toward a More Efficient Government: An Analysis of the Proposition of Merging Dallam and Hartley Counties," that estimates that a consolidated county annually will spend at least $382,000.00 less than the amount the two counties will spend separately.

> Third. No *part* of any existing county shall be detached from it
> and attached to another existing county until the proposition for such
> change shall have been submitted, in such manner as may be provided
> by law, to a vote of the electors of both counties, and shall have
> received a majority of those voting on the question in each.
> [Emphasis added.]

In our opinion, the language of article IX, section 1 indicates that the legislature may attach to a county only a portion of another county, not the whole of the other county. Consolidating two counties--*i.e.*, attaching the whole of one county to the whole of another--contravenes the constitutional prohibition against reducing an existing county to an area less than 700 square miles.[2] Furthermore, section 1 repeatedly refers to a "part" of a county.[3]

An examination of the statutes the legislature has enacted pursuant to article IX, section 1 indicates that this construction is consistent with the legislature's construction of the section. Throughout chapter 71 of the Local Government Code, which governs the creation of counties, the legislature speaks of organizing a new county out of a part or parts of an existing county or counties. *See, e.g.*, Local Gov't Code §§ 71.011, 71.013 (providing for election for detachment or attachment of county territory), 71.021(a), 71.022(a), 71.023(a), 71.025 (providing for organization of counties), 71.031, 71.032, 71.033, 71.034 (providing for apportionment of county indebtedness). In our opinion, therefore, the legislature envisions only a situation in which a portion of a county is detached from an existing county and attached to another county; the county from which the territory is taken continues to exist as an autonomous county. This, of course, does not describe a situation such as the one you propose, in which the whole of two counties are merged into one. Consequently, we do not read article IX, section 1 of the Texas Constitution to authorize the consolidation of entire counties.[4]

---

[2]In addition, we understand that in the situation about which you inquire the county line of the new county would approach nearer than twelve miles to Channing, the county seat of Hartley County. This would contravene the constitutional prohibition against creating a new county that approaches "nearer than twelve miles of the county seat of any county from which it may . . . be taken." Tex. Const. art. IX, § 1.

[3]In contrast to article IX, section 1 of the Texas Constitution, article VIII, section 8.01 of the Model State Constitution requires a legislature to "provide by general law . . . for methods and procedures of . . . merging, consolidating [counties]." NATIONAL MUNICIPAL LEAGUE, MODEL STATE CONSTITUTION art. VIII, § 8.01, at 15 (6th ed. 1963); *see also id.* § 8.03, at 17; *id.* art. XI, § 11.01, at 19; 2 D. BRADEN, THE CONSTITUTION OF THE STATE OF TEXAS: AN ANNOTATED AND COMPARATIVE ANALYSIS 651 (1977).

[4]We note that the Texas Supreme Court, in *Robbins v. Limestone County*, has said that the Texas Constitution authorizes the legislature to consolidate two or more counties. *Robbins v. Limestone County*, 268 S.W. 915, 919 (Tex. 1925). The court's pronouncement was, however, dicta.

### S U M M A R Y

Article IX, section 1 of the Texas Constitution does not authorize the legislature to consolidate two existing counties.

Very truly yours,

*Dan Morales*

**D A N   M O R A L E S**
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General