This is a suit resulting from an automobile accident occurring on the main street of Ponchatoula on July 25, 1941, at about 7 P.M., when the Studebaker automobile of plaintiffs, Mr. and Mrs. Voile A. Glover, being driven at the time by Mrs. Glover, accompanied by their baby, Glenn C. Glover, aged one year and ten days, went over on the shoulder of said street, when it apparently struck a hole or soft place in the shoulder and turned over causing the death of the baby boy, and alleged injury to Mrs. Glover.
Mrs. Glover, on the evening of the accident, was driving in an easterly direction on the main street of said town known as Pine Street. Pine Street is also a part of the State Highway route between Ponchatoula and Mandeville, forming a connecting link to the highway route between Hammond and New Orleans. Some time prior to the accident, the State Highway Department, in accordance with the provisions of the Highway Act, undertook and did improve the route between Ponchatoula and Mandeville by constructing a concrete pavement of twenty feet in width with adjoining shoulders of varying width; at the scene of the accident the shoulders were about eight feet on each side of the concrete slab. In the construction of the highway, it appears that a stump of a tree was removed, causing a hole which, although repeatedly filled, would either wash out or sink. After the construction of the highway this hole abutted the concrete slab on the south side.
On the day of the accident Mrs. Glover, in some way, drove the right wheels of her car off of the concrete slab into this hole, causing her car to upset and thereby incurring the injuries and damages, the basis of this suit.
The contention of the plaintiffs is that it was the duty of the town of Ponchatoula to maintain the street in a safe way for the travelling public, charging negligence and carelessness to the defendant in failing to fill the hole or placing warning signs of its existence.
The defense of the defendant is threefold: (1) Since the street had been taken over and incorporated in one of the State routes and had been improved by the Louisiana Highway Commission, it was the duty of the said Commission, now the Department of Highways, to maintain the said highway and shoulders and that the defendant had no control and supervision thereof. (2) It denied any negligence on its part, averring that the negligence of Mrs. Glover was the sole and proximate cause of the accident. (3) Mrs. Glover was guilty of contributory negligence barring recovery.
After trial of the case, the district court rendered judgment in favor of the defendant and against the plaintiff, dismissing plaintiffs' suit, and plaintiffs have appealed.
The trial judge did not assign any written reason for his judgment, so we are at a loss to know whether his judgment was based on the conclusion that the accident occurred on the state highway, which was under the complete control and supervision of the State Highway Commission, thereby relieving the town of any responsibility for its condition, or whether his conclusion was that the accident was caused by the direct negligence or contributory negligence of Mrs. Glover.
Due to the conclusion we have reached in this case, we need consider only the first plea of the defendant.
In the case of J.P. Barnett, Sr. et ux. v. City of Opelousas, La.App., 13 So.2d 788, we implied that it was the duty of the City of Opelousas to maintain the shoulder on Landry Street, that the concrete slab was under the direction and supervision of the Highway Commission; but since the accident involved in that case occurred on the concrete slab itself, as a result of an excavation by the highway commission on the slab, the shoulder was not involved in the case, and our implication with reference thereto is not binding and that at the most is dicta.
In the instant case it is shown that Pine Street whereon the accident occurred was part of the state highway system, and there is no doubt that maintenance of the concrete slab rested on the Highway Commission, but the question presented is whether or not the control of the Highway Commission *Page 46 
extended to the shoulders also. In that connection the following extract from Delahoussaye et al. v. Board of Trustees of City of New Iberia, 157 La. 782, 103 So. 152, 154, is significant:
"Plaintiffs refer us to Act 95 of 1921, which provides for the establishment and maintenance of a system of state highways, as supporting their position that a municipality cannot pave a street within its corporate limits, when the street, which it desires to improve, has been selected as a part of the state highway system. The act, in establishing such a system, creates a state highway commission, and vests the commission created with supervision and control over the system established, and the contention of plaintiffs seems to be that the effect of the selection of one of the streets of a municipality, as part of the state's system of highways, and the vesting of supervision and control of that system in the commission, is to deprive the municipality, in which the street is located, of the power, which it formerly had, to pave the street selected. However, in our view, the position taken by plaintiffs is unsound. Where a street is so selected, its selection gives to it what might be termed a dual aspect; that is to say, it then serves two purposes, one as a link in the state's highway system and the other as a street of the municipality. As a street, the municipality in which it is located still has power to pave it. On the other hand, if the municipality does not pave it, and it is necessary or proper to improve it, in the opinion of the state highway commission, in order to make it adaptable as a link in the state's highway system, the commission has power to make the improvement. In other words, the control and supervision granted to the state highway commission over a street, as a link in the state's highway system, was never intended by the Legislature to interfere with the municipality's supervision over and control of the link, as one of its streets, and with its right to pave it, as such, nor to force the municipality to defer the paving until the state could furnish it with substantial aid to be used in doing the work."
That case implies that the maintenance of the shoulder by a state highway located in a municipality is a joint responsibility of both the highway and the municipality. However, in that case the Highway Commission had not yet exercised its authority by actually taking over the street or the construction of any improvement thereon.
And, according to section 3574, Dart's Louisiana General Statutes, Volume 2, Act No. 95 of 1921, § 20, "Where streets and roads in incorporated cities * * * become a part of the Highway System of the state, * * * if such roads, or streets have been paved, or otherwise hard surfaced, the cost of maintenance, and of final reimbursement as contemplated for work done before such roads or streets are included in the Highway System, shall be borne by the Highway Commission and the respective cities or towns in the proportion of one half by the Highway Commission, and one half by the respective cities or towns, for maintenance, except in towns under 10,000 inhabitants, when the Highway Commission shall bear the whole cost of maintenance * * *." Dart's General Statutes, Volume 2, section 3600, Act No. 328 of 1926, § 1, provides that "Any city, town or village in this State of not more than 10,000 inhabitants that makes a request to the Louisiana Highway Commission for a desired change or changes in the width or type of construction of any of its streets * * * forming part of the state highways shall have the power and is hereby authorized to levy and collect such taxes or local assessments on the real estate abutting on the street or streets * * *."
Since Ponchatoula is a town of less than 10,000 population, it is our opinion, from our holding in the case of Barnett v. City of Opelousas, supra, in that, under the facts of this case, we see no distinction between the shoulders and the concrete slab, since both had recently been constructed by the Highway Commission, and the quoted statutes, that the primary responsibility for the maintenance of the shoulders of the highway in question, which was taken over by the State as a highway (Dart's Statutes, Vol. 2, § 3563, Act No. 95 of 1921, § 9) rested on the Highway Commission, and that the town of Ponchatoula did not have the authority to maintain or change the shoulders since it did not request and obtain such authority from the Highway Commission, and therefore cannot be charged with any negligence for the improper maintenance thereof.
For these reasons, the judgment appealed from is affirmed. *Page 47