TATE, Judge.
By this suit, the plaintiff property owner seeks to enjoin the defendant municipality from constructing sidewalks along a state highway within the corporate limits of the municipality, and also to enjoin it from recording a paving lien for the cost of such improvements against his property abutting this roadway. The plaintiff appeals from judgment dismissing his suit upon an exception of no cause of action.
The allegations of the petition show that the plaintiff owns almost 700 feet of property abutting Ryan Street (also known as Louisiana Highway 385) within the city limits of Lake Charles. This roadway upon which the plaintiff’s property is situated was incorporated in the state highway system prior to the annexation by the city in 1950 of the surrounding area. The right of way granted to the State Department of Highways is 60 feet in total width, of which the concrete highway takes up 48 feet. The City of Lake Charles proposes to lay out a sidewalk upon a strip of plaintiff’s property fronting on this roadway.
The city’s proposed action in laying the sidewalk along Ryan Street is alleged to be based upon the authority granted by LSA-R.S. 33:3301 as follows: “Municipalities may construct * * * repair or otherwise improve streets, roads, sidewalks, and alleys * * * within their corporate limits * * To accomplish such work, a municipality is authorized to charge each parcel of real estate abutting the roadway its proportionate share of the total cost of the improvement. LSA-R.S. 33:3305.
The petitioner does not question the general power of the city under this statutory authority to lay out sidewalks along city streets and to assess the abutting property owners with the cost.[1] The plaintiff’s position is, simply, that a municipality cannot exercise any general power to have abutting property owners pay for sidewalks insofar as their properties adjoin a state highway, although within the municipal limits.
 In statutory support of its position that, when a city street becomes part of the state highway system, the city loses, any municipal prerogatives with regard thereto, the plaintiff relies upon LSA-R.S. 48:193, which pertinently provides:
“A. The board of highways is hereby directed to repair and to keep in operating condition at its sole cost and expense, all municipal roads or streets which form a continuation of one of said [state] highways * * *
“B. All new construction or relocation of roads, overpasses, underpasses, bridges, tunnels or other highway betterment of roads in the state system located in municipalities shall be a cooperative effort between the municipality and the department of highways, provided, however, that nothing herein shall prohibit a municipality from making contributions necessary to improve said highways beyond the standards fixed by the board of highways * * * provided further that nothing in this Subsection shall in any way affect the provisions of R.S. 33 :3701 or any other general or special law applicable to municipal streets * *
Pretermitting consideration of whether the “contributions” which a municipality is *183 entitled to make under this enactment may include an exercise of municipal power to construct sidewalks and to assess the abutting property owners therefor, the statutory enactment upon which the plaintiff relies does not prohibit the municipalities from constructing new improvements for, or extensions of, municipal roads within the ■state highway system. If we were in doubt in this regard, the enactment specifically provides that it shall not “in any way affect * * * any other general or special law applicable to municipal streets.” We therefore do not agree with the plaintiff’s contention that the above-quoted statute limits the power of a municipality to lay sidewalks along any streets within the •corporate limits which also happen to have been incorporated in the state highway system.
An almost identical question was presented in Delahoussaye v. Board of Trustees, 157 La. 782, 103 So. 152. The plaintiffs there, who owned property abutting on Main Street in New Iberia, sued to ■prevent the municipality from paving this street, which formed part of the Old Spanish Trail (presently U. S. Highway 90) and which had been incorporated as part of the state highway system created iby Act No. 95 of 1921. That enactment further provided that the “system of hard surface State Highways [thereby created] sh-all be constructed * * * out of the [State] General Highway Funds”, Section 7. The Supreme Court held that selection of a municipal street to form part of the state highway system merely confers on that thoroughfare the “dual aspect” of serving both as a link in the state system .and as a street of the municipality in which located, and that such selection did not deprive £he municipality of the power to pave or improve it at the cost of the abutting property owners.
In support of his position plaintiff cites Barnett v. City of Opelousas, La.App., 13 So.2d 788 and Glover v. Town of Ponchatoula, La.App. 1 Cir., 17 So.2d 44. These cases do not involve the present question. They were suits to recover damages for personal injuries resulting from defects in municipal streets incorporated in the state highway system, and the suits against these municipalities were dismissed because by specific statute the sole governmental agency responsible for maintaining such streets was the state highway agency. Thus the negligent acts or omissions upon which the suits were based were the acts or omissions of the state agency and not of the municipalities, which had no duty to maintain the streets in question.
Based upon the circumstance that the sidewalk was to be laid upon a portion of his land subject to a servitude for highway purposes, plaintiff’s final contention is that the city was thus acting as a licensee of the state highway agency and can exercise no greater powers than those available to such agency, which has no statutory power to assess the cost of highway improvements against abutting property owners.
We see no mierit to this contention. The present is simply an instance where a third party seeks to obtain and to exercise a servitude over property previously subject to a highway servitude. See, e. g., American Tel. & Tel. Co. v. East End Realty Co., 223 La. 532, 66 So.2d 327; Louisiana Power & Light Co. v. Dileo, La.App. 1 Cir., 79 So.2d 150. Consent by the state highway agency to such concurrent use of land also subject to a highway servitude does not cause the second user to become an agent of the highway commission.
For the foregoing reasons, the judgment of the District Court dismissing plaintiff’s suit is
Affirmed.

. We expressly note that the constitutional validity of a taking for this purpose without prior compensation by the municipality is therefore not at issue upon this appeal.