

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

May 24, 1963

Honorable D. C. Greer
State Highway Engineer
Texas Highway Department
Austin 14, Texas

Opinion No. C-84

Re: Whether the various cities and the
Texas Highway Department have the
authority to enter into and per-
form contracts with regard to their
respective obligations concerning
the construction, maintenance and
operation of State Highways within
cities, including controlled access
highways, or whether all juris-
diction with regard to such highways
lies with the Highway Commission and
is nondelegable.

Dear Mr. Greer:

In a recent opinion request of this office, you state that
for a number of years your Department has entered into agreements
(contracts) with various incorporated cities under the provisions
of Article 6673-b, V.C.S., in order to fix the respective liabili-
ties and responsibilities of the City and the State with respect
to the construction, maintenance and operation of State Highways
within city limits.

Within certain constitutional limitations, the Legislature
has exclusive control over the public roads and highways of the
State. State v. Hale, 136 Tex. 29, 146 S.W.2d 731 (1941).

In 1917 by enactment of Article 6663, V.C.S., the Legislature
provided for a uniform system of State Highways, vesting control
thereof in the State Highway Commission.

Article 6673, V.C.S., provides that:

"The Commission is authorized to take over and maintain
the various State Highways in Texas, * * *"

The Legislature has given to the Texas Highway Commission jurisdiction to take over and maintain the various State Highways in Texas, without limitation.

The highways of the State belong to the State, and the State has full control and authority over them. While the State has absolute control over its highways and roads, the Legislature may delegate to local authorities a part or all of that control. West v. City of Waco, 116 Tex. 472, 294 S.W. 832 (1927); Robbins v. Limestone County, 114 Tex. 345, 268 S.W. 915 (1925).

In this connection, in the case of Robbins v. Limestone County, supra, our Supreme Court said:

> "The establishment of public highways being primarily a function of government belonging to the State, the right to establish them resides primarily in the Legislature, and in the absence of constitutional restrictions, the Legislature may exercise that right direct or delegate it to a political subdivision of the State, or to such other agency or instrumentality, general or local in its scope, as it may determine. The exercise of this right by a political subdivision of the State, or by local officers, is founded upon statutory authority therefor. The Legislature may exercise possession of public roads and control over them, by and through such agencies as it may designate. * * *" (Emphasis added)

The police power of the State is likewise exercised by the Legislature. This power covers the regulation of highways and it may be delegated by the Legislature to local authorities. The delegatees of the power to regulate the highways, however, have only such powers as have been expressly granted to them. Box v. Newsom, 43 S.W.2d 981 (Tex. Civ. App. 1931, error ref. n.r.e.); New Way Lumber Co. v. Smith, 128 Tex. 173, 96 S.W.2d 282 (1936).

The Legislature has explicitly granted to the State Highway Commission and incorporated cities, towns and villages the authority and power to contract concerning the many aspects dealing with State Highways, pursuant to Article 6673-b, which provides as follows:

> "The State Highway Commission is hereby authorized and empowered, in its discretion, to enter into contracts or agreements with the governing bodies of incorporated cities, towns, and villages, whether incorporated under the home rule provisions of the Constitution, Special Charter, or under the General Laws, providing for the location, relocation, construction, reconstruction, maintenance, control, supervision, and regulation of

designated State highways within or through the corporate
limits of such incorporated cities, towns, and villages,
and determining and fixing the respective liabilities or
responsibilities of the parties resulting therefrom; and
such incorporated cities, towns and villages are hereby
authorized and empowered, through the governing bodies
of such cities, towns, and villages to enter into such
contracts or agreements with the State Highway Commission."
(Emphasis added).

Therefore, as was reasoned in Robbins v. Limestone County,
supra, the provisions of Article 6673-b do not contravene the
Constitution of Texas.

This same proposition appeared subsequently in Articles 6674w
and 6674w-5, V.C.S.

Article 6674w provides:

"Purposes. The Legislature finds, determines and declares
that the purpose of this Act is to delegate certain addi-
tional authority to the State Highway Commission to pro-
mote the Public Safety, to facilitate the movement of
traffic, to preserve the financial investment of the public
in its highways and to promote the National Defense.

'Definitions. Wherever used in this Act, 'Controlled
Access Highway' means any designated State Highway with-
in or without the limits of any incorporated city, town
or village, whether under the General Laws or by special
charter, including Home Rule Charter Cities, to or from
which access is denied or controlled, in whole or in part,
from or to abutting land or intersecting streets, roads,
highways, alleys or other public or private ways.'"

Article 6674w-5, supra, provides:

"The powers, authority, jurisdiction and procedures granted
to the State Highway Department and State Highway Commis-
sion in the foregoing Sections of this Act shall be deemed
to provide additional powers, authority, jurisdiction, and
procedures to those now existing and conferred by the laws
of the State of Texas upon the State Highway Department and
State Highway Commission and shall not be regarded as in
derogation of any powers, authority, jurisdiction, or pro-
cedures now existing under the laws of Texas, except that
restrictions placed upon the powers, authority, jurisdiction
or procedures of the State Highway Department and State
Highway Commission by other laws, which are in derogation of,
or inconsistent with the powers, authority, jurisdiction and

procedures prescribed in the foregoing Sections of this Act or which would tend to hamper or limit the State Highway Department and State Highway Commission in the lawful execution of the powers and authority granted by this Act for the proper accomplishment of its purposes, shall be deemed to have been superseded by the provisions hereof, and, to the extent that any other law is in conflict with or inconsistent with the provisions hereof, the provisions of this Act shall take precedence and be effective.

"The powers granted to the State Highway Department and State Highway Commission by this Act to perform acts and exercise powers within the limits of counties, incorporated cities, towns and villages, including Home Rule Cities, may be exercised without the consent or agreement of any such county, city, town or village, including Home Rule Cities, after complying with Subsection 1 of Section 2 hereof, (public hearing) and whenever the State Highway Department or the State Highway Commission performs any act or exercises any power within the limits of any county, incorporated city, town or village, including Home Rule Cities, as authorized in this Act, such act or exercise of power shall qualify and render inexclusive the dominion of such counties, cities, towns or villages, including Home Rule Cities, with respect to the specific streets, alleys, and other public ways affected by such act or exercises of power, but only to the specific extent to which such act or the exercise of such power affects such streets, alleys and other public ways and their use." (Emphasis added)

Suffice it to say, Article 6673-b, supra, is not in derogation of Articles 6674w and 6674w-5, and it is a necessary conclusion that all must be construed together. Therefore, upon authorization of the State Highway Commission, the Texas Highway Department may enter into agreements with incorporated cities, pursuant to Articles 6673-b, 6674w and 6674w-5, with regard to the respective obligations of the contracting parties regarding the construction, maintenance and operation of State Highways, including controlled access highways within the contracting cities.

The case of Hale v. City of Dallas, 335 S.W.2d 785 (Tex. Civ. App. 1960, error ref. n.r.e.) sustains this conclusion insofar as maintenance of State Highways is concerned and does not support a contention that the State, through its agencies, cannot delegate any of its responsibilities for maintenance, construction and operation of the State Highways within the corporate limits of cities.

Reference is made to <u>Hale v. City of Dallas</u>, supra, at page 790, where the following language is found:

"Coming now to the point at issue, above enactments empower the State Highway Department without consent of a Home Rule City to exercise full authority, relative to control of State Highways, the Commission likewise under Art. 6673-b being empowered (and Home Rule Cities authorized) to contract with regard to the responsibilities of each in 'maintenance, control, supervision, and regulation of designated State highways within or through the corporate limits of such incorporated cities * * *.' Pursuant to such delegation of powers the 1951 contract executed between State and city, recited that 'maintenance will be assumed by the State over the highway routes within said city in strict accordance with the Highway Commission policies as stated above, governing the maintenance of highways into and through municipalities * * *.' 'The State agrees * * * (2) on streets and highway routes with shoulders, to maintain the base and surface and the normal shoulders adjacent to the edges of the pavement * * *'; and that the city will do no work 'involving disturbances or replacement of existing street improvements, such as cutting pavement for purpose of installing * * * utility lines or <u>for other purposes</u>' without first securing permission of the Highway District Office."

By virtue of the quoted portion of the contract, viz., "maintenance will be assumed by the State over the highway routes within said city in strict accordance with the Highway Commission policies as stated above, governing the maintenance of highways..." the court held:

"We conclude that the contract in question amounts to a reclamation of authority and control by the State over designated highways, with effect of relieving the city of certain pre-existing duties and placing them on the Highway Department; and there can be 'no actionable negligence in the absence of some duty which has been neglected or violated.'"

The Court in the <u>Hale</u> case stated, "In 1939 the Legislature passed Article 6673-b, for the first time authorizing the state and city to contract with one another, fixing the control and responsibilities of each, viz: ...". The court then quoted the provisions of Article 6673-b, and emphasized the following phrase: "<u>fixing the respective liabilities or responsibilities resulting therefrom;</u>"

## S U M M A R Y

The Highway Department may enter into contracts with the various cities with regard to their respective obligations concerning the construction, maintenance and operation of State Highways within cities, including controlled access highways which delegate those responsibilities to the contracting cities.

The Highway Department is specifically authorized by statute to enter into contracts delegating jurisdiction "to the governing bodies of incorporated cities, towns, and villages * * * providing for the location, relocation, construction, reconstruction, maintenance, control, supervision and regulation of designated State Highways within or through the corporate limits" of such cities, towns and villages, and such cities are likewise authorized to enter into such contracts.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: *David McAngus*

DAVID S. McANGUS
Assistant Attorney General

DSM:dd

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Wm. E. Osborn
Joseph Bracewell
Corbin Snow
Malcolm Quick

"APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone"