CHASEZ, Judge.
This is an action ex delicto instituted by the plaintiffs, Mrs. Sylvia P. Hardy and Phoenix Assurance Company of New York against Oliver Meyer & Sons Construction Company, a partnership composed of Emile J. Meyer, Oliver J. Meyer and Oliver P. Meyer, and the said Emile J. Meyer, Oliver J. Meyer and Oliver P. Meyer, individually; Maryland Casualty Company, the liability insurer of Oliver Meyer & Sons Construction Company; The Great American Insurance Company, public liability insurer of the City of Harahan; and The Fireman’s Fund Insurance Company, public liability insurer of the Parish of Jefferson, for personal injuries to Mrs. Sylvia P. Hardy and damages to her automobile as a result of an accident which occurred on June 13, 1965 at approximately 7:55 o’clock P.M. while she was operating her automobile in the 800 block of Hickory Avenue in the City of Harahan, Louisiana.
Plaintiffs’ petition discloses that on this occasion she ran into a large hole in the *662 street which was dug by Oliver Meyer & Sons Construction Company and the individual partners thereof, pursuant to the performance of a sewerage contract they had on behalf of the City of Harahan and the Parish of Jefferson, which hole was allegedly left unguarded by lights, markers or other warnings, (as shown by Art. S of the petition) and that the Parish of Jefferson and the City of Harahan were negligent in permitting this condition to exist. (Art. 10 of the petition).
The defendants herein, the Parish of Jefferson and the Fireman’s Fund Insurance Company, filed motions for summary judgments seeking the dismissal of plaintiffs’ suit.
The Fireman’s Fund Insurance Company attached to its motion affidavits, as provided by law, and a certified copy of the insurance policy issued by it to the Parish of Jefferson and contended that there was no liability on the part of the Parish, and, that if there was liability, coverage was not afforded to the Parish for the accident in question because of an exclusionary clause in a special endorsement attached to the policy.
The Parish of Jefferson, relying on the affidavits attached to the motion of the Fireman’s Fund Insurance Company, likewise contends that the Parish was not liable to plaintiffs.
The plaintiffs herein did not file counter affidavits.
The District Court rendered separate judgments in favor of the Parish of Jefferson and the Fireman’s Fund Insurance Company, granting the summary judgments prayed for and dismissing the suits of the plaintiffs. From these judgments of the District Court the plaintiffs have appealed.
The affidavit of Francis J. Cass, dated September 29, 1965, filed herein discloses that he is a Casualty Supervisor in the New Orleans Underwriting Office of Fireman’s Fund Insurance Company and that a certified copy of the comprehensive general liability Policy #CG8 1 33 06 is a true and correct copy of the original of the policy which was issued by Fireman’s Fund Insurance Company to Jefferson Parish, All Departments Under the Direction of the Parish President and Jefferson Parish Council. Attached to said policy is an endorsement which reads as follows:

"STREETS AND SIDEWALKS

"SUCH INSURANCE AS IS AFFORDED UNDER DIVISION 1 OF THE DEFINITIONS OF HAZARD DOES NOT APPLY TO THE EXISTENCE OF STREETS AND SIDEWALKS OF THE NAMED INSURED,. AND THE DEFINITION OF PREMISES DOES NOT INCLUDE SUCH STREETS AND SIDEWALKS.”
The affidavit of Ross W. Ketchum, dated' October 1, 1965, likewise filed herein, discloses that he is Director of the Department of Roads and Bridges of the Parish-of Jefferson, and that the 800 block of' Hickory Avenue is located in the City of Harahan, Louisiana. That on June 13, 1965 Hickory Avenue, in the 800 block-thereof, was not maintained by the Parish of' Jefferson and was not included in the-system of roads and streets that were then being maintained by the Parish of Jefferson, nor is it presently included therein; that Hickory Avenue is designated as State-Highway 611-12 and is part of the State-Highway System and is maintained by it..
The affidavit of Frank J. Deemer, filed herein, discloses that he is the Clerk of the Jefferson Parish Council and as such-has custody of all of the official records-of the proceedings of the Jefferson Parish Council, and of all contracts entered into-by and between the Parish of Jefferson,, its various departments and agencies; that there is no contract in existence between! the Parish of Jefferson and Oliver Meyer & Sons Construction Company for the installa— *663 tion of sewerage facilities in the City of Harahan, Louisiana, whereunder work was being performed on or before June 13, 1965, on or near Hickory Avenue, in front of municipal #831 Hickory Avenue.
The foregoing affidavits introduced and filed by the Parish of Jefferson and the Fireman’s Fund Insurance Company were not controverted by the plaintiffs in any manner. We are, therefore, of the opinion that the work being performed by Oliver Meyer & Sons Construction Company and the individual partners thereof was being Rone for and on behalf of the City of Harahan, Louisiana, and with which the Parish of Jefferson had no connection -whatever; that our observation of the -pleadings and the record in its entirety ■in this matter indicates that there is no liability whatever of the Parish of Jefferson to the plaintiffs herein. The Parish -of Jefferson is sought to be held for the reason that it was negligent in not patrolling Hickory Street. Not having any connection with the contract for the work 'being performed on Hickory Street, it -should not be held to liability for any -mishaps that may have occurred on this project, (See Barnett et ux. v. City of Opelousas, La.App., 13 So.2d 788; Glover v. Town of Ponchatoula, La.App., 17 So.2d 44.), and it does not appear from the record that there existed a duty for the Parish of Jefferson to patrol the streets -of the independent political entity, the City of Harahan.
Since there is no liability on the part •of the Parish of Jefferson to the plaintiffs "herein, it will follow that there is no liability on the part of the Fireman’s Fund Insurance Company.
In its reasons for judgments in favor -of the Parish of Jefferson and the Fireman’s Fund Insurance Company, the court stated the following:
“REASONS FOR JUDGMENT.
“The Court is convinced that the portion of Hickory Avenue where the accident occurred in this case is located within the city limits of the City of Harahan, is also a part of the State highway system and was maintained by the State and/or the City and not the Parish of Jefferson. It was therefore not the duty of this Parish to maintain this section, nor to patrol it, nor to learn of defects therein and give warning to the public. This was the duty of either the State or the City of Harahan.
“The Carlisle case quoted by the plaintiff is (sic) inopposite here. In that case, the accident occurred on a street admittedly within the jurisdiction of the Parish of East Baton Rouge and was being maintained by them.
“For these reasons, the Court feels that the Parish it not responsible to plaintiff in any event, and therefore neither is its insurer. There is no genuine issue of fact between the plaintiff and the Parish and its insurer. Therefore, the motion for summary judgment on behalf of the Parish’s insurer will be maintained.”
We too are of the opinion that there is no genuine dispute as to facts in this matter and the judgments of the Court, dated November 29, 1965, in favor of Fireman’s Fund Insurance Company, and of December 17, 1965, in favor of the Parish of Jefferson, dismissing the suit of the plaintiffs, Mrs. Sylvia P. Hardy and Phoenix Insurance Company of New York should be affirmed. All costs of court to be borne by said plaintiffs.
Affirmed.