Leon WILEY, et al., Appellants,

v.

CITY OF LUBBOCK, Appellee.

No. 9304.

Court of Appeals of Texas, Amarillo.

Dec. 31, 1981.

Edwards & Associates, James R. Edwards, Lubbock, for appellants.

Crenshaw, Dupree & Milam, Cecil Kuhne, Lubbock, for appellee.

Before REYNOLDS, C. J., and DODSON and COUNTISS, JJ.

REYNOLDS, Chief Justice.

Leon Wiley, individually and as next friend of his minor daughter, Paula Gail Wiley, seeks the reversal of an adverse take-nothing summary judgment. The judgment was rendered in Wiley's action to hold the City of Lubbock liable in damages for, in the main, the City's negligence proximately causing an accident injuring Paula Gail. Absent a duty imposed on and owed by the City to the Wileys, the existence and violation of which is a necessary predicate for the City's pleaded liability, the judgment must be affirmed.

On or about 25 January 1977, five-year-old Paula Gail, proceeding toward home from school, was struck by a truck as she was walking across Loop 289 at or about the place where Avenue U intersects, but does not cross over or under, the highway in the City. The truck, owned by Yellow Freight Systems, Inc., was driven by Kenneth Ray Webb.

At the place of the accident, Loop 289 is a divided highway with two lanes of traffic for eastbound vehicles and two lanes of traffic for westbound vehicles. Approximately one-half mile to the east and the west are underpasses for vehicular and pedestrian traffic traversing the highway area.

Wiley filed the action underlying this appeal to recover damages from the City, the State Department of Highways and Public Transportation, Webb and Yellow Freight. The City was alleged to be liable for the negligent violation and breach of its proprietary functions in that it:

a. Failed to provide adequate crossings, crosswalks, crossunders or crossovers in a reasonable vicinity of the accident;

b. Failed to provide proper guards to prevent children from attempting to cross over the highway; and

c. Failed to warn and post signs at Avenue U where it intersects with Loop 289 prohibiting pedestrians from crossing over the highway.

Wiley also charged the City created a nuisance by its failure to provide adequate, safe means, by crossover or crossunder, to traverse the highway. Each failure was pleaded to be a proximate cause of the accident.

After answering, the City moved for summary judgment on its original and first supplemental motions with supporting documents. One pleaded basis for the judgment, among others, was that the City owed no duty to Wiley and his daughter to do the acts it was charged with failing to perform. Thereafter, Wiley filed his first amended original petition, but he did not file any written answer or other response to the City's motions for summary judgment.

Hearing and granting the motions, the court rendered a take-nothing summary judgment. Wiley has appealed.

■ By a single point, Wiley submits that the summary judgment is erroneous because of unresolved fact issues which should have been decided by a jury. However, because he did not file any written answer or response to the City's motions, the only issue we may entertain on appeal is whether the grounds expressly presented to the trial court by the City's motions are insufficient as a matter of law to support summary judgment. Tex.R.Civ.P. 166–A; *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); *Fisher v. Capp*, 597 S.W.2d 393, 397 (Tex. Civ.App.—Amarillo 1980, writ ref'd n. r. e.).

We shall, however, consider Wiley's appeal as presenting that issue.

■ The summary judgment proof before the trial court left no doubt that Loop 289 was constructed by the State of Texas on right-of-way owned by the State and designated a freeway. The deposition testimony of the City's Traffic Engineering Director reveals that the City had nothing to do with the design or construction of the freeway and, except for enforcing traffic laws on it and furnishing street lighting by special contracts, the City has no obligations for or control over the freeway; that all signs and barriers are decided upon, installed and maintained by the State's highway department; and that the City has no right or authority to post any signs or construct crossovers on Loop 289. The testimony is clear, positive, direct, otherwise free from contradictions and inconsistencies and, if untrue, it could have been readily controverted. Thereby, the testimony meets the standards of summary judgment testimonial evidence. Tex.R.Civ.P. 166–A(c).

The force of the testimony is not lessened by the municipal maintenance agreement executed on behalf of the State and the City to specify maintenance responsibilities for State highways within the City's limits. The agreement specifies that Loop 289 comes wholly within the State's responsibilities. One of the State's general responsibilities is to install and maintain highway markings necessary for directing highway traffic, "except crosswalks," an exception indicating to Wiley that the City has the duty to provide crosswalks, crossovers or crossunders for the pedestrian public. To the contrary and immediately following the exception, the agreement further specifies that any other traffic markings desired by the City are subject to the approval of the State.

■ Consequently, the summary judgment proof established the absence of a genuine issue of material fact concerning the State's full control and authority over the subject matters of Wiley's complaints respecting Loop 289. Having that exclusive control and authority, the State also had the duty of management of the freeway. *State v. Hale*, 136 Tex. 29, 146 S.W.2d 731, 736 (1941). It follows that the City, lacking any control or authority over the subject matters, owed no duty to Wiley and his daughter in these respects. It is axiomatic that in the absence of a duty owed to the injured party, there can be no liability. *Webb v. City of Lubbock*, 380 S.W.2d 135, 136 (Tex.Civ.App.—Amarillo 1964, writ ref'd n. r. e.). The principle is particularly applicable here where the cause of action alleged is fundamentally a negligence action. *Hale v. City of Dallas*, 335 S.W.2d 785, 792 (Tex.Civ.App.—Dallas 1960, writ ref'd n. r. e.).

The City's establishment of a lack of duty owed to the Wileys, one of the grounds expressly presented to the trial court by the City's motions, is sufficient as a matter of law to support the summary judgment. *Id.* In arriving at this conclusion, we have not ignored the cases cited by Wiley cataloging the duties imposed on cities in connection with highways and streets within their corporate limits. In the interest of brevity, it suffices to state that those cases, unlike the appeal before us, speak to situations of duties associated with the delegation by the State to the cities of exclusive control over highways and streets within the cities' limits. The duties do not devolve on a city, however, if, as in this cause, the exclusive control has not been delegated by the State or, if delegated, is revoked by the State. *See, e.g., Hale v. City of Dallas, supra.*

The summary judgment is affirmed.