Juan Angel GUERRA, et al.,
Appellants,

v.

**RAYMONDVILLE BANK OF TEXAS,
et al., Appellees.**

**No. 13–89–259–CV.**

Court of Appeals of Texas,
Corpus Christi.

May 10, 1990.

---

Robert D. Ralston, Ramon, Cantu & Ralston, Edinburg, for appellants.

Michael R. Ezell, William Kimball, Sharon S. Brown, Koppel, Ezell, Powers & Kimball, Harlingen, for appellees.

---

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

This is a summary judgment case. Appellants, Juan and Aurelio Guerra, brought suit by filing a *pro se* petition against appellees, the Raymondville Bank of Texas and John Nicholson, trustee. Appellants sought to prevent the Bank from foreclosing on their alleged homestead by requesting the trial court to set aside, cancel and declare null and void the deed of trust lien on the property. The trial court granted summary judgment favorable to the Bank. We affirm the trial court's judgment.

On May 10, 1985, Juan Guerra executed a $125,000.00 "REAL ESTATE LIEN NOTE" secured by a "DEED OF TRUST" to the Bank. This loan was made to pay off the balance of the purchase price from a transaction in which he had purchased property known as the Guerra Estates Subdivision.

On June 20, 1986, Juan Guerra gave the Bank a "DEED OF TRUST" in renewal and extension of five separate notes. One of the notes was in the amount of $30,-000.00 dated June 4, 1985. Another was a $125,000.00 note dated May 10, 1985. The $30,000.00 note was given as a second lien (second to the $125,000.00 note) in order to secure an advance of $30,000.00 so that Juan Guerra could construct a speculative or "spec" home on Lot 4 of the subdivision. The record shows that in order to obtain the $30,000.00 loan, Juan's father, Aurelio Guerra, sold his home, and Juan placed the proceeds into a $30,000.00 certificate of deposit. This certificate of deposit served as collateral for the $30,000.00 loan.[1] Juan Guerra executed a $30,000.00 "REAL ESTATE LIEN NOTE" secured by a "DEED OF TRUST" on Lot 4 of the subdivision. The spec home was built on Lot 4 using these funds. The home, however, did not sell as planned, and Juan and Aurelio Guer-

ra moved into the home sometime during 1984 or 1985.

On April 5, 1988, the Bank foreclosed on this spec home. The house was sold to appellant Juan Guerra. Juan gave the Bank a "DEED OF TRUST" and a $40,-895.93 "REAL ESTATE LIEN NOTE" as consideration for the "SPECIAL WARRANTY DEED" additionally secured with a "VENDOR'S LIEN". No payments were made on this note, and appellants filed this suit to prevent foreclosure. Nevertheless, on January 3, 1989, the Bank foreclosed on the property.

By eight points of error, appellants complain that the trial court erred in granting summary judgment. The movant for summary judgment bears the burden of showing that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985); *R.I.O. Systems, Inc. v. Union Carbide Corp.,* 780 S.W.2d 489, 490 (Tex. App.—Corpus Christi 1989, writ denied). In deciding whether a disputed material fact issue exists to preclude summary judgment, evidence favorable to the non-movant will be accepted as true. Every reasonable inference will be indulged in the non-movant's favor and any doubts resolved in its favor. The question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact concerning one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex. 1970); *R.I.O. Systems,* 780 S.W.2d at 490.

Appellants, in their first three points of error, contend the trial court erred in finding, as a matter of law, that Aurelio Guerra did not have a homestead interest in the property in question before the Bank's liens were impressed on the property in question. In order to successfully attack the improper granting of a summary judg-

---

1. This money was not used to pay off the $30,- 000.00 loan or the $125,000.00 loan.

ment on appeal, the non-movant must first file a written response to the motion for summary judgment expressly presenting the same defensive issue to the trial court as is presented on appeal. Appellant, Aurelio Guerra, did not file a response to the Bank's summary judgment motion. In the absence of a response, the only issue before an appellate court is whether the grounds expressly presented to the trial court by the Bank's motions are sufficient as a matter of law to support the summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); *Wiley v. City of Lubbock*, 626 S.W.2d 916, 917 (Tex.App.—Amarillo 1981, no writ).

■ Specifically, appellant, Aurelio Guerra, contends on appeal, that he had a homestead interest in the spec home prior to its construction. This argument is without merit because the bank's lien was for the purchase price of the property. "The homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts except for the purchase money hereof, or a part of such purchase money...." Tex. Const. art. 16, § 50 (amended 1973). The property code further provides, in pertinent part, that "[e]ncumbrances may be properly fixed on homestead property for: (1) purchase money". Tex.Prop.Code Ann. § 41.001(b) (Vernon Supp.1990).

Here, in order to finance construction of the spec home, Juan Guerra gave the Bank a $30,000.00 purchase money deed of trust. After the April 5, 1988 foreclosure, the Bank sold the spec home to Juan Guerra. Guerra gave the Bank a $40,895.93 purchase money deed of trust. The property in question, even though it may have qualified as Aurelio Guerra's homestead, was encumbered by a purchase money deed of trust. Accordingly, the Bank had the right to foreclose on the property.

Juan Guerra testified that the $30,000.00 loan was inadequate to cover the cost of constructing the spec home. He also testified that he expended some of his own resources to finish the home. We note, however, that even though appellants may have expended additional resources to build the home, this does not negate the fact that the Bank held a valid purchase money deed of trust lien on the property. A homestead is protected from forced sale, for the payment of all debts except (among other specified things) for the purchase money, or a *part of such purchase money*. (Emphasis added.) Tex. Const. art. 16, § 50 (amended 1973).

■ In points of error five through eight, appellants argue that when the Bank foreclosed on the spec home in 1989, their law suit against the Bank became moot. Appellants' mootness claim was not expressly presented to the trial court. Our law is clear, as set out in this opinion earlier, that issues not expressly presented to the trial court may not be considered on appeal as grounds for reversal of a summary judgment. *State Board of Insurance v. Westland Film Industries*, 705 S.W.2d 695, 696 (Tex.1986); *Johnston v. Del Mar Distributing Co.*, 776 S.W.2d 768, 772 (Tex. App.—Corpus Christi 1989, writ denied); Tex.R.Civ.P. 166a(c). All of appellants' points of error have been considered and are overruled.

The judgment of the trial court is AFFIRMED.